CATHERINE A. DUNN *vs.* MORTIMER SULLIVAN.

PROVIDENCE—FEBRUARY 14, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Ejectment. Alleging Seizin in Declaration. Arrest of Judgment.*

A declaration in trespass and ejectment was in part as follows : "For that the said defendant at said Pawtucket on the 28th day of March, 1900, with force and arms wrongfully detained from the plaintiff possession of a certain tenement to the plaintiff belonging, being the house located

at the corner of Hurley and Bloomingdale avenues in said Pawtucket, and with like force and arms wrongfully detained possession of the same from the plaintiff against the peace." On motion in arrest of judgment :—

*Held,* that the count was bad in that it did not set forth the title of the plaintiff to the premises in question so explicitly that a judgment in her favor would determine the character of her estate and not simply her right of possession.

*Held,* further, that while the defect would have been cured by verdict, as the decision was by default, there was no verdict in aid of the defect, and a motion in arrest of judgment would lie.

EJECTMENT. The facts are stated in the opinion. Heard on motion in arrest of judgment, and motion granted.

TILLINGHAST, J. This is trespass and ejectment, and is before us on the defendant's motion in arrest of judgment.

The facts are these : The action was brought in a District Court, where the defendant entered an appearance, and, after several continuances, decision was rendered for the plaintiff for possession and costs. The defendant thereupon claimed a jury trial, and the case was duly certified to the Common Pleas Division of this Court, and, after several assignments, was finally, on December 6, 1901, the day on which it had been finally assigned for trial, called and defaulted and decision rendered for the plaintiff for possession and double costs.

Whereupon, on December 7, 1901, the defendant filed said motion in arrest of judgment, and the case was certified to this Division for the trial thereof.

The grounds upon which the motion is based are : (1) that the declaration states no cause of action, as no seizin in the premises sued for is alleged to be in the plaintiff, and that the title of plaintiff is not set forth so explicitly that a judgment in her favor will determine the character of her estate ; and (2) that the declaration does not sufficiently describe her estate in terms explicit enough to determine title to the same.

(1) That part of the declaration which is in question is as follows : "For that the said defendant at said Pawtucket, on the 28th day of March, 1900, with force and arms, wrongfully detained from the plaintiff possession of a certain tene-

ment to the plaintiff belonging, being the house located at the corner of Hurley and Bloomingdale avenues in said Pawtucket, and with like force and arms wrongfully detained possession of the same from the plaintiff against the peace."

That this declaration was demurrable under the decision of this court in *Taylor* v. *O'Neil*, 15 R. I. 198, there can be no doubt. It does not set forth the title of the plaintiff to the premises in question so explicitly that a judgment in her favor will determine the character of her estate, and not simply her right of possession.

The question presented for our decision, therefore, is whether, the declaration being demurrable, the motion in arrest of judgment must be granted.

The general rule is that any defect in the declaration which would be fatal on demurrer is also fatal upon a motion in arrest of judgment. *State* v. *Doyle*, 11 R. I. 574 ; *Reid* v. *Prov. Journal Co.*, 20 R. I. 120 ; 2 Ency. Pl. & Pr. 796, and cases in note 2.

The principal exception to this rule is that, where the matter which constitutes the defect is so essentially necessary to be proved that had it not been given in evidence the jury could not have given such a verdict, there the want of stating that matter in express terms in the declaration, provided it contains terms sufficiently general to comprehend it in fair and reasonable intendment, will be cured by a verdict.

In support of this statement of the law, the observations of Mr. Sergeant Williams, as quoted in Stephen on Pleading, page 148, are pertinent. He says : " Where there is any defect, imperfection, or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet, if the issue joined be such as necessarily required on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission is cured by the verdict."

*Ward* v. *Bartholomew*, 6 Pick. 409, was a writ of entry in

which the plaintiff claimed an undivided third part of a certain tract of land, "whereof the tenant unjustly, etc., disseized the demandant within thirty years." The tenant pleaded *non desseisivit.*

Upon motion in arrest of judgment after verdict for the plaintiff the court said : " This declaration, though it alleges no seizin in the demandant, avers that he was disseized by the tenant. Now it is plain that such a verdict could not have been returned without proof of a seizin by the demandant, for he could not be disseized without having been seized ; and no court could have allowed nor could any jury have agreed in that verdict unless there was sufficient evidence of the fact without proof of which the demandant could not have advanced a step on the trial. It is true that a seizin only can be inferred from the declaration, plea, and verdict, and that the case is still left destitute of any averment or even implication of the nature and extent of the seizin. But if seized and disseized, the demandant is entitled to judgment, and it may be a subject of future inquiry to what extent this judgment will affirm his title ; if only to a freehold, still he is entitled to be reseized." See also *Smith* v. *Cleveland,* 6 Metc. 332 ; *Bartlett* v. *Corzier,* 17 Johns. 458 ; *Shaw* v. *Redmond,* 11 Serg. & R. 30 ; *Irons* v. *Field,* 9 R. I. 216 ; Black on Judg. Vol. 1, § 98 ; 3 Bl. Com. 394 ; Perry Com. L. Pl. 237–8 ; 2 Tidd Pr. 918.

In view of the law as thus stated, we think the defect in the declaration before us, although one of substance and not merely of form, would have been cured by a verdict in favor of the plaintiff. But there has been no trial of the case, and hence there is no verdict in aid of said defect. Nor has there been any trial of the case by the court, which probably would have been equally effective, in aid of the defect, as the verdict of a jury. The record shows that the case was simply defaulted and a decision rendered thereon in favor of the plaintiff. The case, therefore, practically stands as though it were before us on demurrer to the declaration, and hence we feel compelled to grant the motion in arrest of judgment. Gould's Pl. (ed. 1849) p. 505, § 26.

The case is remitted to the Common Pleas Division, with direction to arrest the judgment.

*Doran & Flanagan*, for plaintiff.

*Edward W. Blodgett and Thomas P. Corcoran*, for defendant.