## LITTELL v. BURNS ET AL.

[No. 3,833.   Filed October 14, 1902.]

HUSBAND AND WIFE.—*Parties.*—*Partition.*—*Appeal and Error.*—A judgment in a partition proceeding in which a married woman was a defendant will not be reversed on appeal because of the action of the court in denying the application of defendant's husband to be made a party, where the application did not state that they were living together, and the evidence is not in the record; since every reasonable presumption will be indulged in favor of the correctness of the action of the trial court.

From Clark Circuit Court; *J. K. Marsh*, Judge.

Suit by William N. Burns and others against Sarah L. Littell for partition. From the action of the court in denying his application to be made a defendant, John T. Littell appeals. *Affirmed.*

*T. J. Brock,* for appellant.
*M. Z. Stannard,* for appellees.

COMSTOCK, J.—Appellees were plaintiffs below. The complaint is in two paragraphs; the first being for the partition of certain farm lands; the second to quiet title to other lands. The action was brought against Sarah L. Littell, sister of appellees,· without joining her husband appellant John F. Littell as a party defendant. On the return day of the summons, and before the trial, appellant, in open court, filed his petition wherein he stated that he was the husband of Sarah, and, as such husband, interested in the real estate in controversy, and asked to be made a party defendant. Appellees objected to the granting of the petition. The court sustained the objection, and rejected the prayer of the petitioner. Sarah L. Littell was defaulted for failure to appear, and judgment in partition was rendered.

The action of the court in refusing and rejecting appellant's petition is the only error assigned upon this appeal. The statute governing proceedings in partition of real estate contains no provision requiring the husband or wife of a cotenant to be made a party in such proceeding. It is claimed, however, by appellant that, under §6974 Burns 1901, he should have been made a party defendant. Section 6974, *supra,* in relation to husband and wife, provides that "All suits relative to such lands shall be prosecuted by or against the husband and wife jointly; or if they be separated, in the name of the wife alone; and in case of such separate suit, the husband shall not be liable for costs."

After the appeal was taken, appellant Littell, upon leave of court, amended his assignment of errors, making Sarah

L. Littell co-appellant instead of appellee. The appeal as to her was afterwards dismissed upon her written motion, stating as reason therefor, that she was made a party to the appeal without her authority.

The evidence is not in the record. The petition of appellant alleges that he is the husband of Sarah L. Littell, but does not state whether they are separated, or living together. Appellant, asking the benefit of the statute, , should, by the terms of his petition, bring himself within the statute. Besides, it is the rule that every reasonable presumption must be indulged in favor of the correctness of the action of the trial court, and, indulging such presumption, we conclude that it sufficiently appeared to the trial court that the husband and wife were separated, and that the wife was properly sued in her own right.

Judgment affirmed.