REID, receiver, *v.* JONES.

A petition by the receiver of an insolvent bank alleged that the charter of the bank imposed upon a stockholder a liability for an amount equal to his subscription to its capital stock for the payment of the debts of the bank; that the defendant was a stockholder at the time that certain described debts of the bank were contracted, which were unpaid, as well as at the time of the failure of the bank; and that there were not assets sufficient to pay the debts above referred to. A judgment was prayed against the defendant for a sum representing the par value of

the shares alleged to be owned by him. An amendment was offered, in which it was alleged that the defendant was a subscriber to the capital stock of the bank for the number of shares stated in the original petition, and that the amount of stock held by him represented his subscription to the capital stock of the bank. The court refused to allow this amendment, and dismissed the petition. *Held:* (1) That the amendment did not set forth a new cause of action. (2) That the petition, as amended, set forth a cause of action, and should not have been dismissed on demurrer.

Submitted July 18,—Decided December 13, 1906.

Rehearing denied December 20, 1906.

Complaint.  Before Judge Lewis.  Putnam superior court. September 18, 1905.

Reid, receiver of the Putnam County Banking Company, brought suit against Mrs. S. E. Jones, and alleged, that the bank was insolvent, and had no assets sufficient to pay its debts and liabilities; that as receiver the plaintiff had been ordered to bring suit against the stockholders of the bank for the purpose of enforcing against them the liability imposed by statute upon such stockholders; that under the charter of the bank the stockholders were made individually liable for the debts of the bank, in addition to their subscriptions to its capital shares, an amount equal to their subscriptions; that at the times the debts enumerated in the petition were contracted, and at the time of the failure of the Putnam County Banking Co., the defendant was a stockholder in the bank, and the owner of 55 shares of the par value of $2750. Judgment was prayed against her in that sum. By amendment it was alleged that the fifty-five shares of stock standing in the name of the defendant, and sued on in the original petition, "were subscribed for by her to the capital stock of said Putnam County Banking Co. and represent her subscription to said capital stock of said company." The amendment was not allowed, and upon motion the petition was dismissed. To these judgments the plaintiff excepted.

*J. H. Hall,* for plaintiff.  *W. B. Wingfield,* for defendant.

COBB, P. J.  (After stating the foregoing facts.)  The cause of action attempted to be set forth in the original petition was the liability arising, under the charter of the bank, against those persons upon whom the charter imposed an individual liability for the debts of the bank. In *Reid* v. *DeJarnette,* 123 *Ga.* 787, it was held that the individual liability imposed by the charter of the

bank in question was a liability upon such stockholders only as became such by subscribing to the capital stock, and not upon shareholders who by way of succession from the original stockholders became owners of the stock. The original petition was defective in that it did not allege that the defendant belonged to that class of stockholders who were the original subscribers to the capital stock of the company. Without amendment the petition should have been dismissed upon demurrer. The design of the pleader was to recover from those stockholders who were liable under the charter. The amendment does not depart from this design. The amendment did not contain a new cause of action against the defendant entirely independent of what was alleged and stated in the original petition, but it merely identified the defendant as a party who was liable under the individual liability clause of the charter, which was the foundation of the cause of action. As was said by Mr. Chief Justice Bleckley, in *Ellison* v. *Georgia Railroad Co.*, 87 *Ga.* 692, on page 710: "Any cause of action whatever would be new and distinct if no trace of it could be found in the declaration. There must be some trace of a particular cause of action in the declaration, in order that it may contain enough to amend by. And as the original cause must be adhered to, and no other substituted in its place, the trace furnished must be sufficiently plain and distinct to identify the particular cause of action to which the declaration points or refers. If it points to no one cause more than to any other, it will be too indefinite and should be treated as nothing better than a blank." On page 718 the learned Chief Justice says: "If the plaintiff really has the identical cause of action which he has endeavored to plead, why should the mistake of his pleader in leaving out one of its necessary constituents, because he supposed it need not go in, be any bar to amending? Is not the chief object of amendment the correction of mistakes?" The pleader may have been mistaken as to the number of persons embraced under the individual liability clause of the charter; but if the defendant belongs to the class which is liable, no new cause of action is added so far as she is concerned, for the amendment simply identifies her as belonging to the class upon whom liability is imposed. See, in this conection, *Wheatley* v. *Glover*, 125 *Ga.* 711 (16), 726.

         *Judgment reversed. All the Justices concur.*