### 4577. SHEFFIELD *v.* CAUSEY.

1. A judgment will not be arrested or set aside for any defect in the petition which was cured by verdict.
2. The rule that a defect in the pleading is cured by verdict is based upon the presumption that issue has been joined and that the plaintiff by his proof has supplied the defect ·in the pleading. A motion to set aside a default judgment, on account of insufficiency of the petition, operates precisely as a general demurrer to the petition would have operated; and any defect which could have been reached by general demurrer can, after a default judgment, be taken advantage of by a motion to arrest or set aside the judgment.

DECIDED APRIL 16, 1913.

Motion to set aside judgment; from city court of Blakely—Judge Rambo. November 27, 1912.

*R. H. Sheffield,* for plaintiff in error. *B. R. Collins,* contra.

POTTLE, J. 1. Causey brought suit in the city court of Blakely to recover from Sheffield certain described personal property. The petition alleged that the defendant was in possession of the prop-

erty described and had converted the same to his own use. It was also averred that the plaintiff had made demand upon the defendant for the property, and that the defendant had refused to deliver the same to the plaintiff or pay him the profits thereof. The property sued for consisted of a plow, wagon-harness, and plow-gear. It was averred that the plow was recently recovered by the defendant in a possessory-warrant proceeding against Joe Powell. It was alleged that the harness and plow-gear sued for were used by the plaintiff during the year 1911 on land which he had rented from the defendant. There was no averment in the petition that the plaintiff had or claimed title to the property sued for, or that he had or claimed the right of possession thereof. The petition was duly served upon the defendant, and he failed to appear and file a defense to the suit. Thereupon the court rendered a judgment in favor of the plaintiff, in which it was recited that, "the above case coming on to be heard, and no intervention for a jury, and it appearing to the court that the plaintiff is entitled to recover against the defendant," judgment was accordingly rendered in favor of the plaintiff against the defendant for the principal sum of $20 and costs. At the next term the defendant filed a motion to set aside the judgment, on the ground that there was no allegation in the petition showing any right in the plaintiff to recover or that the defendant was wrongfully withholding from the plaintiff the property claimed. This motion was dismissed on general demurrer, and the movant excepted.

1. The judgment which it is sought to set aside was rendered under the authority of section 9 of the act establishing the city court of Blakely. That section provides that where a defendant fails to file a sufficient defense, the court shall grant judgment, without the intervention of a jury, in favor of the plaintiff. Acts 1906, p. 164. The Civil Code, § 5957, provides that a judgment may be set aside "for any defect not amendable which appears on the face of the record or pleadings." Section 5959 provides that, "if the pleadings are so defective that no legal judgment can be rendered, the judgment will be arrested or set aside." In section 5960 it is provided that "a judgment can not be arrested or set aside for any defect in the pleadings or record that is aided by verdict, or amendable as matter of form." In *Vale Royal Manufacturing Co.* v. *Bradley*, 8 *Ga. App.* 483, 489 (70 S. E. 36, 39), it was held that

a motion in arrest of judgment "can never reach an amendable or curable defect." See, also, *Fitzpatrick* v. *Paulding,* 131 *Ga.* 693 (63 S. E. 213).

2. The petition in the trover action was defective in substance, in that it contained no allegation showing that the plaintiff was entitled to recover the property sued for. There was no averment that the plaintiff had either title to or the right of possession of the property; nor was there an allegation that the defendant was wrongfully withholding the property from the plaintiff. The allegation that the plaintiff had previously used the harness and plow-gear when he was renting land from the defendant contains nothing to intimate or suggest that this property was the plaintiff's, nor does it negative the presumption arising from the defendant's possession that the property was his when the suit was filed. The mere statement that the defendant had "converted" to his own use the property described in the petition does not supply the fatal omission to allege some reason why the plaintiff was entitled to recover. The case, therefore, turns upon the question whether this defect in the petition was amendable; for both the Supreme Court and the Court of Appeals have construed sections 5957, 5959, and 5960 of the Civil Code, supra, to mean that a motion in arrest of or to set aside a judgment can not reach an amendable defect. It is manifest that the petition sets forth no cause of action, and that it was subject to be dismissed, either upon general demurrer or upon oral motion to dismiss made at any time before judgment was rendered. Moreover, under the decision in *Kelly* v. *Strouse,* 116 *Ga.* 872 (43 S. E. 280), direct exceptions could have been made in this court upon the ground that the petition set forth no cause of action. Before a plaintiff is entitled to recover, he must have a petition which sets forth a cause of action, and this petition must in some way be shown to be true, either by affirmative proof of the allegations or by express or implied admission of their verity by the defendant. *Rountree* v *Craigmiles,* 12 *Ga. App.* 237 (77 S. E. 15). It perhaps does not follow that because a defect in the petition may be reached by general demurrer, it can not be cured by amendment. See *Reid* v. *Jones,* 127 *Ga.* 114 (56 S. E. 128). But in *Fleming* v. *Roberts,* 114 *Ga.* 634, 639 (40 S. E. 792), Mr. Justice Cobb said that if the petition fails to set forth a cause of action, objection might be made by a motion to set aside the judg-

ment after verdict. But was there enough in the petition involved in this case to amend by? In *Ellison* v. *Georgia Railroad Co.*, 87 *Ga.* 705 (13 S. E. 809), where Mr. Chief Justice Bleckley very learnedly and exhaustively discusses this subject, among other things he says: "But whether the question be on form or substance, and whether on quantity or particulars, the amendment is to be allowed if the declaration has in it enough to amend by in respect to the nature and contents of the amendment offered, but not otherwise. That the declaration is amendable in one respect is of itself no warrant for amending it in another. The particular respect to which the proposed amendment appertains is the one to be regarded, and others are material only as they throw light on that in its relation to the question of enough to amend by." In the case of *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (48 S. E. 318), the Supreme Court defines a cause of action to consist of "some particular right of the plaintiff against the defendant, together with some definite violation of that right." And in *Ellison* v. *Georgia Railroad Co.,* supra, a cause of action was defined to be "some particular legal duty of the defendant to the plaintiff, together with some definite breach of that duty which occasions loss or damage." It was further stated in the *Anglin* case, supra, quoting from the *Ellison* case, that, "to give a right of action 'nothing is needed but a right in the plaintiff and some invasion of that right by the defendant.' "

Tested by these definitions, the petition in the trover suit was clearly bad in substance. It failed to allege any right in the plaintiff or an invasion by the defendant of a right of the plaintiff. It failed to aver any legal duty of the defendant to the plaintiff, or a definite breach of such duty resulting in loss or damage to the plaintiff. The petition is absolutely silent in reference to any reason why the plaintiff should recover the property sued for, or why the defendant was not rightfully in possession of it. There was nothing in the petition upon which the defendant needed to join issue. It was not necessary for him to make any defense. He could admit, and by his failure to answer did admit, that he was in possession of the property sued for; that he failed to deliver it to the plaintiff, and that it was of the value alleged. His possession was presumptively rightful. He could admit every allegation in the petition and every intendment which could be legally

drawn from such allegation, and yet the plaintiff would not be entitled to recover. Suppose the plaintiff had alleged in distinct terms that the defendant had title to the property sued for and was rightfully in possession of it, could he have amended by striking these allegations and setting up title in himself? We do not think so. The petition as actually filed was substantially one of this nature, because there is not a single allegation in it which negatives the presumption of title in the defendant arising from his possession. Had there been an averment in the petition, however loose and indefinite in form, indicating the purpose of the pleader to claim title in himself or the right of possession to the property sued for, then, under the decision in the *Ellison* case, supra, and numerous decisions following it, this loose and indefinite averment could have been made certain by amendment. But the fact that in other respects the petition may have been amendable, did not show that it was amendable in reference to the particular matter omitted from the petition. There must have been in the declaration "enough to amend by in respect to the nature and contents of the amendment offered." There being no averment in the petition which, either directly or indirectly, asserts the right of possession in the plaintiff, or that the defendant was wrongfully withholding the possession of the property from the plaintiff, there was not enough in the petition in reference to this particular matter to authorize an amendment setting up the plaintiff's right to recover.

Speaking for myself alone, and not for the court, I think that even treating the judgment as rendered by the judge of the city court as having all the force and effect of a verdict, the fatal defect in the petition was not cured by the judgment, and the motion to set aside the judgment should not have been dismissed upon demurrer. The majority are inclined to think that if issue had been joined and a verdict rendered, the defect would have been cured. We all agree, however, that a default judgment is not to be treated like a verdict in determining whether a particular defect in the petition has been cured by the failure of the defendant to take advantage of it by demurrer. The language of our statute is that the judgment will not be arrested or set aside for any defect in the pleadings that is aided by *verdict.* Civil Code, § 5960. This distinction is based upon the legal presumption that, where issue is joined on a defective petition, the

court would not permit a verdict to be rendered in the plaintiff's favor unless the proof supplied the defect in the petition. This legal intendment arises not merely from the verdict, but from the united effect of the verdict and the issue upon which the verdict was rendered. 31 Cyc. 763. The rule is thus stated, in the treatise just cited: "Where there is any defect, imperfection, or omission in a pleading, whether of substance or form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection, or omission is cured by verdict."

"A judgment by default cures no other defects than those of form." Gould's Pleading, 505; Whipple v. Fuller, 11 Conn. 581 (29 Am. Dec. 330). Or, as was stated by the Supreme Court of Massachusetts, where there is a default judgment, "nothing can be presumed but what appears in the declaration." Hemmenway v. Hickes, 4 Pick. 497. The reason why the rule in reference to curing a defective pleading does not apply to cases of judgments by default is that in such cases the introduction of proof is not required, and the judgment therefore would not show that the plaintiff had made out a case upon which he was entitled to recover. Emerson v. Lakin, 23 Maine, 384. In Dunn v. Sullivan, 23 R. I. 605 (51 Atl. 203), a complaint in an action of ejectment failed to set forth the title of the plaintiff so explicitly that a judgment in her favor would determine the character of her estate, and it was held that, while this defect would have been cured by verdict, yet as the judgment was by default and there was no verdict in aid of the defect, a motion in arrest of judgment should be allowed. See, also, Stephen on Pleading, 148; Warren v. Harris, 2 Gilman, 207; Erhardt v. Pfeiffer, 29 Ind. App. 572 (64 N. E. 885). While the practice in the city court of Blakely is governed by the act under which it was established, there is no substantial difference between that act and the general default statute appearing in the code. The case of Davis v. Bray, 119 Ga. 220 (46 S. E. 90), is not in conflict with the rule announced by the foregoing authorities. It is true that there was no verdict in that case, but that decision was based upon the theory that issue was joined and that the judgment

rendered by the judge of the city court without the intervention of a jury was based upon proof of sufficient facts to supply the defects in the pleading. The motion to set aside should have been sustained.                    *Judgment reversed.*