### 24644. MULLEN *v.* THE STATE.

DECIDED JUNE 14, 1935.

*A. C. Felton 3d, Jule W. Felton,* for plaintiff in error.
*Hollis Fort, solicitor-general,* contra.

GUERRY, J. Judgment was originally rendered dismissing the writ of error in this case, for the reason that it appeared that the bill of exceptions was not filed in the office of the clerk of the court within 15 days after its certification by the trial judge. Counsel for plaintiff in error filed a motion to reinstate the case for the reason that the bill of exceptions and pauper's affidavit were actually filed within seven days after the signing of the bill of exceptions by the judge. On April 12, 1935, this court ordered "that W. H. Gardner, clerk of the superior court of Macon county, certify to this court without delay a true statement as to when the bill of exceptions and pauper's affidavit were filed with him." It was also ordered that the solicitor-general show cause before this court, in writing alone, by Monday, April 22, at 9 a. m.; why the case should not be reinstated and considered upon its merits. The affidavit of

the clerk, made in response to the order of this court, disclosed that the bill of exceptions and the pauper's affidavit were actually filed in his office on December 26, 1934, instead of January 4, 1935, as originally shown. Upon consideration the judgment of dismissal was vacated, and the case is now considered on its merits.

The defendant was tried for and convicted of the offense of assault with intent to murder, under the following indictment: "The grand jurors, . . in the name and behalf of the citizens of Georgia, charge and accuse Floyd Mullins with the offense of assault with intent to murder, for that the said Floyd Mullens, . . being then and there a person of sound memory and discretion, with force and arms, unlawfully, feloniously, with malice aforethought, and with a certain shotgun, the same being a weapon likely to produce death, in and upon one Sing Gibson, a human being in the peace of the State then and there being, did make an assault with the intent the said Sing Gibson to kill and murder, and the same Floyd Mullens with said weapon, which he, the said Floyd Mullens then and there held, did then and there unlawfully, feloniously, and with malice aforethought did point and aim said gun at and toward the said Sing Gibson with the intent aforesaid." A motion in arrest of the judgment was made, as follows: "That it appears on the face of the record in said case, namely, on the indictment, that there is no legal allegation and are no legal allegations charging the crime of assault with intent to murder, in that it is necessary to such a charge that it be alleged that an assault was made with a weapon likely to produce death and that the assault was made with such weapon in such a manner as was likely to produce death, whereas the material allegation in this indictment shows on its face that the weapon used was not used in such a manner as to produce death, and shows on its face that it was humanly impossible for such a weapon, used in the manner alleged, to ever produce death."

An assault is an attempt to commit a violent injury upon the person of another. Penal Code (1910), § 95. Mere preparation to commit the injury, unaccompanied by a physical effort to do so, is not an assault. *Brown* v. *State*, 95 *Ga.* 481 (20 S. E. 495). To constitute an assault no actual injury need be shown, it being only necessary to show an intention to commit an injury, coupled with an apparent ability to do so. *Dorsey* v. *State*, 108 *Ga.* 477 (34

S. E. 135) ; *Thomas* v. *State,* 99 *Ga.* 38 (26 S. E. 748). In every assault there must be an intent to injure. The test is, was there a present purpose of doing bodily injury? If so, the acts will amount to an assault, otherwise they will not. The intention to do bodily harm is of the essence of the assault. It is an inchoate violence, with the present means of carrying it into effect. In *Edwards* v. *State,* 4 *Ga. App.* 167 (60 S. E. 1033), it was said: "Pointing a pistol at another would perhaps be sufficient evidence of an intent to do harm." "In all cases it would be a question for the jury to determine from the facts in the case, as to the intent." We think the indictment in this case sufficiently alleged an assault within the meaning of that term.

It also alleged that such assault was with an intent then and there to kill and murder, and the manner of the making of the assault is then alleged, to wit: by the pointing of the gun. Such an act may amount to the unlawful pointing of a gun at another, and in some instances to a bare assault; however, it could not amount to an assault with intent to murder, unless the gun at the time was loaded. *Clark* v. *State,* 84 *Ga.* 577 (10 S. E. 1094). The gun was alleged to be a weapon likely to produce death. An unloaded gun could not be such a weapon when its only use was by pointing. We think the indictment would unquestionably have been subject to be quashed by a timely motion or special demurrer. The defendant did not demur, but relies on what he contends is a fatal defect on the face of the indictment, by making a motion in arrest of judgment. Niceties of expression and absolute clearness of meaning in pleadings may be had by proper objections timely made. When not so made, the law will give to words their ordinary meaning, and the intention to be drawn therefrom according to ordinary modes of expression and understanding. We no longer allege in an indictment that the gun or pistol was loaded by first putting in the powder and then having superimposed thereon the ball or shot. When we say one person attempted to kill another with a gun, and in the execution of such attempt pointed the gun at the other person, it conveys to our common understanding the allegation that the gun was loaded. The defendant had the right by demurrer to call for a more specific allegation if he so desired. He could have shown that the gun was not in fact loaded and therefore failed to come within the class of a weapon likely to produce

death when used in the manner alleged. He did not do this, and now says that the record shows on its face that the gun was not a weapon likely to produce death, because it was not alleged to be loaded. If an indictment is so defective that no legal judgment can be rendered thereon, judgment will be arrested or set aside. *Sheffield* v. *Causey*, 12 *Ga. App.* 588 (77 S. E. 1077). In criminal cases a motion in arrest of judgment will reach any defect apparent on the face of the record, not cured by verdict, to which the general demurrer could have been successfully interposed before arraignment. *Spence* v. *State*, 7 *Ga. App.* 825 (68 S. E. 443). All exceptions which go merely to the form of an indictment must be made before trial, and no motion in arrest of judgment will be sustained for any matter not affecting the real merits of the offense charged in the indictment. Penal Code (1910), § 980; *McCoy* v. *State*, 15 *Ga.* 205. The defects in the indictment in the present case were not sufficient to render the indictment void, although objectionable on demurrer. The court did not err in overruling the motion in arrest of judgment.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*