## 57490. RUFF v. THE STATE.

SMITH, Judge.

Appellant Ruff contends we must reverse his conviction of voluntary manslaughter because the trial court erred in failing to charge the law of Code § 26-1301(a) and in admitting certain evidence and because the evidence did not support the verdict. We affirm.

On the night of September 23, 1977, appellant and the victim became involved in a fight during a dice game at a Savannah bar. On the morning of September 24, 1977, appellant returned to the bar armed with a rifle and located the victim, who was sitting on a bench in front of the bar. Appellant approached the bench with his rifle in hand, the unarmed victim arose and "cussed" appellant, and appellant shot him through the heart.

1. As the evidence did not warrant a charge on Code § 26-1301(a), the trial court properly refused to give appellant's requested charge concerning the type of involuntary manslaughter defined therein. "There are two types of involuntary manslaughter, both involving the death of another human being 'without any intention to do so.' Code Ann. § 26-1103. Subsection (a) of that Code

section concerns itself with the first type of involuntary manslaughter, which is applicable only to those cases wherein death results 'by the commission of an unlawful act *other than a felony.*' The unlawful act in issue in the instant case, was not '*other than a felony.*' A gun is a deadly weapon. Assault with a deadly weapon constitutes aggravated assault, a felony. Code Ann. § 26-1302. Aggravated battery is also a felony. Code Ann. § 26-1305. Code Ann. § 26-1103(a) simply is not applicable to the facts in this case, and, therefore, the trial court did not err in not charging involuntary manslaughter in the commission of an unlawful act other than a felony. See *Jackson v. State,* 234 Ga. 549 (216 SE2d 834) (1975)." *Braxton v. State,* 240 Ga. 10, 14 (239 SE2d 339) (1977).

2. Contrary to appellant's objection, the testimony indicated that a hand drawn diagram roughly depicted the scene of the crime, and the court did not err by admitting the diagram into evidence over the objection. *Parks v. State,* 203 Ga. 302(7) (46 SE2d 504) (1948).

3. The evidence adduced at trial would have supported a murder conviction, and yet the jury returned a verdict in accordance with the charge on voluntary manslaughter, given at appellant's request. Appellant has no cause to complain that the evidence did not support the verdict. "If the evidence authorizes a conviction of murder, but upon his own invitation the defendant is convicted of the lower grade of homicide, — manslaughter, — the verdict against him is not without evidence to support it . . . He, by his own request, made in open court, injected into his case the law of manslaughter." *Partee v. State,* 19 Ga. App. 752, 758 (92 SE 306) (1917). See also *Hopkins v. State,* 119 Ga. 569(2) (46 SE 835) (1903).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED MARCH 13, 1979 — DECIDED MAY 8, 1979 — REHEARING DENIED JUNE 7, 1979 — 

*Calhoun & Associates, George M. Hubbard, Kran Riddle, John R. Calhoun,* for appellant.

*Andrew J. Ryan, III, District Attorney, William O. Cox, Robert M. Hitch, III, Assistant District Attorneys,* for appellee.