## 62284. CLAY v. THE STATE.

SOGNIER, Judge.

Frances Clay was convicted of voluntary manslaughter in connection with the death of her husband. She appeals on the general grounds, as well as enumerating other errors.

About 2:30 a.m., July 27, 1980, the sheriff's office in Meriwether County received a call that a shooting had taken place. Deputy Sheriff Lamar Morgan went to appellant's home and found her husband, Lamar Clay, lying on the floor by the bed in a pool of blood. He was dead as a result of a gunshot wound. Appellant was highly intoxicated, and was hysterical. She informed Morgan that she walked into the bedroom and found her husband lying on the floor in a pool of blood.

Appellant's step-daughter, Vicki Bryan, testified that sometime between midnight and 1:00 a.m., appellant came to her home. Appellant told Bryan that her father was trying to kill himself. Bryan asked if appellant and her husband had been fighting, and appellant said no; Bryan figured that appellant and her father had been drinking. Shortly thereafter appellant left; as she was leaving, she told Bryan, "I'm tired of putting up with this and when I get back, I'll put a stop to it." While appellant was at Bryan's home, she appeared to be agitated or irritated.

Appellant testified that on the day of her husband's death, she had been put in jail for drunken driving. Her husband got her out of jail about 9:00 p.m. and on the way home bought a half-gallon of whiskey. Appellant and her husband drank most of the whiskey. (A blood alcohol test showed that appellant's blood alcohol content was .36 grams per cc of blood; her husband's blood alcohol content was .27 grams per cc of blood.)

Appellant denied shooting her husband, and testified they had been married only four or five weeks and were very happy. Appellant denied going to her step-daughter's home.

Appellant contends that the evidence is insufficient to support a finding of voluntary manslaughter, as there is no evidence that the killing was the sole result of a sudden, violent and irresistible passion resulting from serious provocation.

Code Ann. § 26-1102 defines voluntary manslaughter as follows: "A person commits voluntary manslaughter when he causes the death of another human being, under circumstances which would otherwise be murder, if he acts *solely* as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person . . ." (Emphasis supplied.)

The state contends that the evidence that appellant was intoxicated; that she was agitated; and that just prior to leaving her step-daughter's home she stated "she was going to put a stop to it" is sufficient to support the verdict. However, such evidence shows no provocation and does not support a finding of sudden, violent and irresistible passion, essential elements of voluntary manslaughter. *Conley v. State,* 146 Ga. App. 739, 743 (247 SE2d 562) (1978). On the contrary, appellant testified that she and her husband were happy, and appellant's stepdaughter testified that when appellant came to her house, appellant said she and her husband were not fighting. Thus, "[t]here is simply not sufficient evidence to support a jury conviction . . . of voluntary manslaughter." Id.

The state also contends, in answering appellant's enumeration on insufficiency of the evidence, that appellant requested a charge on voluntary manslaughter and cannot now complain of a conviction of an offense which she herself injected into the case. However, in *Conley,* supra, we stated: "[Appellant's] request of a charge on voluntary manslaughter does not alter the fact that the state must prove by competent evidence that [appellant] committed the crime as charged." Id., at p. 744. We went on to hold: "By requesting the charge on voluntary manslaughter, [appellant] did not waive his presumption of innocence, nor did [she] relieve the state of the necessity of proving the commission of the crime as charged." Id., at

745.

The state relies on *Ruff v. State,* 150 Ga. App. 238 (257 SE2d 203) (1979), where we held that because appellant himself injected the issue of voluntary manslaughter into the case, he could not complain of his conviction of that offense. However, in *Ruff,* there was evidence that Ruff and the victim got in a fight in a bar; the victim, "cussed" Ruff; and Ruff then shot the victim. In *Ruff,* we have some provocation and circumstantially, a killing in the heat of passion sufficient to sustain a verdict of voluntary manslaughter. Such facts are not present in the instant case, thus making *Ruff* distinguishable from *Conley,* supra.

Considering the lack of evidence as to essential elements of voluntary manslaughter, and applying the rules set forth in *Conley,* supra, we find the evidence insufficient to sustain the verdict under the test laid down in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). In view of our decision on the general grounds, it is unnecessary to consider the remaining enumerations of error.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 8, 1981 —
REHEARING DENIED OCTOBER 27, 1981 — ▮▮▮▮▮▮▮

*A. Vernon Belcher,* for appellant.
*Arthur E. Mallory III, District Attorney, Marc E. Acree, Gerald S. Stovall, Assistant District Attorneys,* for appellee.