A93A0376. DUNBAR v. THE STATE.
(432 SE2d 829)

SMITH, Judge.

David Lee Dunbar was tried before a jury and found guilty of selling crack cocaine. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilt.

1. Dunbar enumerates as error the purported violation of the rule of sequestration.

After the rule was invoked, OCGA § 24-9-61, the lead investigator testified first and then was permitted to remain in the courtroom during the remainder of trial to assist the presentation of the State's case. Over objection, this witness was twice recalled to the stand. It was not an abuse of the trial court's discretion to permit this witness to be recalled after having heard the testimony of the other witnesses, including the defendant. See, e.g., *Johnson v. State*, 198 Ga. App. 316, 317 (4) (401 SE2d 331) (1991). In the absence of a timely request, the trial court did not err in failing to instruct the jury on the credibility of a witness who has heard the testimony of other witnesses. See *Bradford v. State*, 182 Ga. App. 337, 338-339 (6) (355 SE2d 735) (1987). This enumeration is without merit.

2. The indictment alleged that, Dunbar, on July 5, 1989, in Cobb County, knowingly and unlawfully sold cocaine, in violation of Georgia law. After the State rested, Dunbar's attorney moved orally to dismiss the indictment, urging that it was vague for failing to allege a time and a place, and did not specifically describe the offense. The trial court overruled the motion as untimely, and this ruling is enumerated as error.

OCGA § 17-7-111 provides that "If the defendant, upon being arraigned, demurs to the indictment, . . . the demurrer . . . shall be made in writing." Uniform Superior Court Rule 31.1 requires that "[a]ll motions, demurrers, and special pleas . . . be made . . . at or

before time of arraignment, unless time therefor is extended by the judge in writing prior to trial." "Where the accused desires to take exception to the form of an indictment . . ., it is essential that he should do so by a demurrer or motion to quash, made in writing and before [entering a] pleading to the merits. If, however, the indictment . . . is so defective that judgment upon it would be arrested, attention may be called to this defect at any time during trial, and it may be quashed on oral motion." *Gilmore v. State*, 118 Ga. 299, 300 (1) (45 SE 226) (1903). See also *Pullen v. State*, 199 Ga. App. 881 (406 SE2d 283) (1991). "A general demurrer challenges the sufficiency of the *substance* of the indictment, whereas a special demurrer challenges the sufficiency of the *form* of the indictment. [Cits.]" (Emphasis supplied.) *Bramblett v. State*, 239 Ga. 336, 337 (1) (236 SE2d 580) (1977). "All exceptions which go merely to the form of an indictment . . . shall be made before trial." OCGA § 17-7-113.

Accordingly, Dunbar waived all exceptions to the mere form of the indictment, by failing to urge them in a pre-trial special demurrer. *Mullen v. State*, 51 Ga. App. 385, 388 (180 SE 521) (1935). See also *State v. O'Quinn*, 192 Ga. App. 359, 361 (2) (384 SE2d 888) (1989). To the extent that Dunbar's mid-trial oral motion to dismiss raised only exceptions to the form of the indictment, the trial court correctly overruled them as untimely.

However, Dunbar also urged that the indictment failed to specify an offense, in essence an exception to the sufficiency of the substance of the indictment. If true, this would make the indictment subject to a general demurrer or any subsequent conviction subject to an arrest of judgment. Under the authorities noted above, such an objection may be made orally and at any time. The trial court's reasoning that this exception was untimely is erroneous. However, the overruling of Dunbar's general demurrer was nevertheless correct.

"Every indictment . . . which states the offense in the terms and language of this Code or so plainly that the nature of the offense charged may easily be understood by the jury shall be deemed sufficiently technical and correct." OCGA § 17-7-54 (a). " 'The true test of the sufficiency of an indictment that will withstand a general demurrer is . . . as follows: "If all the facts which the indictment charges can be admitted, and still the accused be innocent, the indictment is bad; but if, taking the facts alleged as premises, the guilt of the accused follows as a legal conclusion, the indictment is good." ' [Cit.]" *Gower v. State*, 71 Ga. App. 127, 128 (1) (30 SE2d 298) (1944). The indictment follows the statutory language, and so is sufficient in substance. Moreover, Dunbar could not admit to these allegations and still be innocent. The trial court did not err in overruling his timely general demurrer to the indictment.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 17, 1993.

*James W. Bradley*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.