## S03A0511. LOWE v. THE STATE.

(579 SE2d 728)

CARLEY, Justice.

After a jury found Cora Mae Lowe guilty of felony murder during commission of aggravated battery, the trial court sentenced her to life imprisonment. She filed a consolidated motion in arrest of judgment and for new trial, which the trial court denied, and she brings this appeal from the denial of that motion.[1]

1. When construed most strongly in support of the verdict, the evidence shows the following: Ms. Lowe and W.C. Hall shared a home, and they had a volatile relationship. After a neighbor called the police to report a disturbance, Ms. Lowe was seen walking toward her residence while in possession of a gas can. From the manner in which she was carrying the can, it appeared to be heavy, and therefore, not empty. Later, passersby saw Mr. Hall outside the house. He

---

[5] See *Shaw*, 225 Ga. App. at 194; see also *Grisanti*, 4 F.3d at 175.

[1] The crime occurred on March 25, 2000. The grand jury indicted Ms. Lowe on April 10, 2000. The jury returned the guilty verdict on March 21, 2002. The trial court entered the judgment of conviction and imposed the life sentence on April 8, 2002. Ms. Lowe filed the consolidated motion on May 8, 2002, and the trial court denied that motion on October 16, 2002. The notice of appeal was filed on November 13, 2002, and the case was docketed in this Court on December 13, 2002. The appeal was submitted for decision on February 3, 2003.

was in flames, and they attempted to give him assistance. Although Ms. Lowe was sitting on the porch, she refused several requests to provide a blanket to smother the flames. Mr. Hall suffered third-degree burns over 90% of his body, and died shortly afterwards. Arson investigators discovered a gas can on the premises. Expert opinion testimony indicated that a flammable agent was poured directly on the victim and then ignited.

The evidence was sufficient to authorize a rational trier of fact to find Ms. Lowe guilty beyond a reasonable doubt of causing Mr. Hall's death while committing aggravated battery against him. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Farley v. State*, 265 Ga. 622 (1) (458 SE2d 643) (1995).

2. The count of the indictment charging felony murder alleged only that the predicate felony was "aggravated battery." Ms. Lowe contends that the failure to specify how the alleged battery was perpetrated is a fatal flaw in the indictment.

A motion in arrest of judgment must be based upon a defect that the accused might otherwise have challenged by a timely general demurrer. *Mullen v. State*, 51 Ga. App. 385, 388 (180 SE 521) (1935). It will lie only when the indictment is void. *Campbell v. State*, 223 Ga. App. 484, 485 (3) (477 SE2d 905) (1996). The failure to charge a necessary element of the crime is a defect that will render an indictment void. *Borders v. State*, 270 Ga. 804, 806 (1) (514 SE2d 14) (1999).

Felony murder consists of "the commission of a felony [which] causes the death of another human being irrespective of malice." OCGA § 16-5-1 (c). Aggravated battery is a felony. *Ruff v. State*, 150 Ga. App. 238, 239 (1) (257 SE2d 203) (1979). Thus, the indictment was sufficient to withstand a general demurrer, because it alleged that Ms. Lowe caused the death of Mr. Hall while engaged in the commission of aggravated battery. *Carter v. State*, 252 Ga. 502, 504 (3) (315 SE2d 646) (1984). If she wanted greater specificity with regard to the felony that she allegedly committed, her appropriate remedy was a pre-trial special demurrer. *State v. Jones*, 251 Ga. App. 192 (553 SE2d 631) (2001); *Haska v. State*, 240 Ga. App. 527 (1) (523 SE2d 589) (1999); *Mullen v. State*, supra.

> " 'The true test of the sufficiency of an indictment that will withstand a general demurrer is . . . as follows: "If all the facts which the indictment charges can be admitted, and still the accused be innocent, the indictment is bad; but if, taking the facts alleged as premises, the guilt of the accused follows as a legal conclusion, the indictment is good." ' [Cit.]" [Cit.]

*Dunbar v. State*, 209 Ga. App. 97, 98 (2) (432 SE2d 829) (1993). Because Ms. Lowe could not be innocent of felony murder if she admitted the allegation that she caused the death of the victim by committing aggravated battery, the trial court correctly denied the motion in arrest of judgment. *Mullen v. State*, supra.

Moreover, the alternative malice murder count of the indictment specified that Ms. Lowe caused the death of Mr. Hall "by pouring a flammable liquid over [him] and igniting same. . . ." Implicit in the allegation that she intentionally set fire to the victim is a charge that "she maliciously cause[d] bodily harm to another by depriving him . . . of a member of his . . . body, by rendering a member of his . . . body useless, or by seriously disfiguring his . . . body or a member thereof." OCGA § 16-5-24 (a). See *Fraley v. State*, 256 Ga. 178, 179 (2) (345 SE2d 590) (1986) (malice murder indictment accusing defendant of manually strangling the victim implicitly alleged use of the hands as a weapon likely to cause serious bodily injury when used offensively), overruled on other grounds, *Mallory v. State*, 261 Ga. 625, 630 (5) (409 SE2d 839) (1991).

> "This [C]ourt on numerous occasions has held that a defendant may be convicted of felony murder under an indictment for malice murder . . . where the defendant is put on notice of the felony by the facts alleged in the indictment to show how the murder was committed." [Cit.]

*Borders v. State*, supra at 807 (1). Therefore, even assuming that the felony murder count did not give Ms. Lowe adequate notice that she was being charged with felony murder during the commission of aggravated battery, "the malice murder [count] sufficiently apprised [her] of that possibility." *Borders v. State*, supra at 807 (1).

3. Ms. Lowe requested an instruction which included the following:

> If you believe that the death of the deceased was caused by some other act or agency with which the defendant had no connection, and that the death of the alleged deceased was not caused by the defendant, as and in the manner alleged in this bill of indictment, or if you have any reasonable doubt as to such, then it would be your duty to acquit the defendant.

The trial court's failure to give this charge is enumerated as error.

The record shows that the trial court correctly charged that the burden of proof rested on the State "to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt." Because this instruction fully

informed the jury of the prosecution's obligation to prove the allegations of the indictment, the trial court did not err by failing to give the charge requested by the defense. *Massey v. State*, 270 Ga. 76, 78 (4) (c) (508 SE2d 149) (1998).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 2003.

*Larry R. Pruden*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Alan A. Cook, Jeffrey L. Foster, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.