## A91A0276. PULLEN v. THE STATE.
(406 SE2d 283)

Pope, Judge.

Defendant Duane L. Pullen was charged by accusation with the offense of operating a vehicle while under the influence of alcohol and drugs. Defendant waived formal arraignment and pleaded not guilty. He waived trial by jury and the case proceeded to a bench trial. During trial defendant made an oral motion to quash the accusation on the ground it did not set forth a crime. The trial judge completed the trial of the case but permitted the parties to submit briefs addressing defendant's motion to quash. The trial court ultimately denied the motion and found defendant guilty. Defendant appeals.

The accusation charges defendant with the offense of operating a vehicle while under the influence of alcohol and drugs "for that the said accused . . . did . . . unlawfully drive and be in [sic] actual physical control of a motor vehicle upon and along that certain public road, street and highway known as U. S. Highway 278 West, contrary to the laws of this State, the good order, peace and dignity thereof." Defendant is correct in arguing that the accusation does not charge him with any offense. Except for alleging he was in control of a vehicle, it merely states the conclusion that he was driving unlawfully without alleging any of the other essential elements of driving under the influence as set forth in OCGA § 40-6-391 (a). Because defendant could admit the accusation and still be innocent of the offense charged, the accusation is defective. See *Brooks v. State*, 141 Ga. App. 725 (1) (234 SE2d 541) (1977); *Reliford v. State*, 101 Ga. App. 244 (1) (113 SE2d 473) (1960). The trial judge nevertheless denied the motion to quash on the ground that it was made untimely.

Rule 31.1 of the Uniform Superior Court Rules does require all motions and demurrers to be made and filed at or before the time of arraignment unless the time is extended in writing by the judge. In addition, OCGA § 17-7-111 requires such motions to be made in writing. These rules, however, do not preclude an oral objection to the sufficiency of an indictment or accusation at any time during trial if it is so defective that judgment upon it would be arrested. " 'Where the accused desires to take exception to the form of an indictment or accusation, it is essential that he should do so by a demurrer or motion to quash, made in writing and before pleading to the merits. If, however, the indictment or accusation is so defective that judgment upon it would be arrested, attention may be called to this defect at any time during the trial, and it may be quashed on oral motion. These rules are clearly deducible from the decisions of this court dealing with the law embraced in [OCGA § 17-7-111].' *Gilmore v. State*, 118 Ga. 299 (45 S. E. 226) [(1903)]." *Gower v. State*, 71 Ga. App. 127, 128 (1) (30 SE2d 298) (1944). See also *Jordan v. State*, 121 Ga. App. 303

(1) (173 SE2d 462) (1970); cf. OCGA § 17-7-113. Because the accusation was substantively defective in that it did not set forth a criminal offense, the trial court erred in denying defendant's motion to quash the accusation.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JUNE 5, 1991.

*Duffey & Duffey, Harl C. Duffey III*, for appellant.
*William A. Foster III, District Attorney, Donald N. Wilson, Assistant District Attorney*, for appellee.