### A92A1810. BROOKS v. THE STATE.
#### (428 SE2d 357)

Birdsong, Presiding Judge.

Alton Brooks appeals from a judgment of the Superior Court of Fayette County refusing to reverse his conviction in probate court of driving under the influence of alcohol. His sole enumeration of error is that the probate court erred in overruling his oral motion to quash the accusation during the trial of the case because the Uniform Traffic Citation (hereinafter "UTC") under which he was tried did not sufficiently allege any of the essential elements for violation of OCGA § 40-6-391, and thus did not adequately inform him of the charges against him. *Held*:

During the course of the trial appellant orally moved "to quash the accusation as it stands" because the UTC did not charge him with a crime under the laws of Georgia, in that each and every essential element of OCGA § 40-6-391 was not contained therein. This was based upon the holding in *Pullen v. State*, 199 Ga. App. 881, 882 (406 SE2d 283), that a motion to quash should be granted where "the accusation was substantively defective in that it did not set forth a criminal offense." The accusation in *Pullen* charged the defendant with "the offense of operating a vehicle while under the influence of alcohol and drugs 'for that the said accused . . . did . . . unlawfully drive and be in (sic) actual physical control of a motor vehicle upon and along that certain public road, street and highway known as U. S. Highway 278 West, contrary to the laws of this State, the good order, peace and dignity thereof.'" Id. at 881. We held that the accusation was defective because the "defendant could admit the accusation and still be innocent of the offense charged." Id.

The superior court found that the rule stated in *Pullen* was inapplicable to the instant case because the UTC was approved by the Commissioner of Public Safety, as required and allowed by OCGA §§ 40-13-1, 40-13-3, 40-13-21 and 40-13-24; it specifically set out the charge as a violation of OCGA § 40-6-391; and appellant entered upon the trial of the case without raising any objection to it. The UTC stated that appellant had committed an offense "In Violation of Code

Section 40-6-391 of . . . State Law." It further indicated that a "DUI" breath test was administered and showed the test results to be ".21 gr.," which defense counsel acknowledged at trial represented .21 grams. "The language of OCGA § 40-6-392 (a) providing that evidence of the amount of alcohol in a person's blood, as determined by chemical analysis of that person's breath, is admissible in DUI trials 'makes it clear that a breath test is used to determine the amount of alcohol in a person's blood.' [Cits.] . . . Such results are commonly understood to mean the amount of alcohol . . . in a certain volume of the subject's blood. The evidence adduced was sufficient to authorize a conviction for driving with an unlawful blood alcohol level under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)." *Page v. State*, 202 Ga. App. 828, 829-830 (1) (a) (415 SE2d 487). Thus here, unlike *Pullen*, "[a]ppellant could not have admitted to the allegations in the [UTC] and be innocent of the offense of [driving under the influence of alcohol]." *Watson v. State*, 190 Ga. App. 671, 673 (3) (379 SE2d 811).

Appellant's argument that the failure to allege the essential elements set forth in the statute rendered the accusation fatally defective has been decided adversely to his position by this court. In *Broski v. State*, 196 Ga. App. 116 (1) (395 SE2d 317), the accusation charged the appellant with driving under the influence of alcohol in violation of OCGA § 40-6-391 (a) (1) and the appellant contended the failure to recite the words " 'to the extent that it [was] less safe for the person to drive' " constituted a fatal defect. (Emphasis deleted.) We concluded "that reciting the proper statute is a sufficient, though not desirable, method of fulfilling the requirement" of OCGA § 17-7-71 (c) to "[state] the offense in the terms and language of the law or so plainly that the nature of the offense charged may be easily understood by the jury." Id. at 116.

Even if the absence of the descriptive language renders the accusation "not perfect, 'this court on appeal must apply a "harmless error test" in order to determine if the error has prejudiced defendant and thus requires reversal of his conviction. [Cit.] "(W)hen trial has been had before the appellate court reviews the merits of the [motion to quash], where no prejudice to defendant has occurred though the indictment (or accusation or citation) is not perfect, reversal is a mere windfall to defendant and contributes nothing to the administration of justice." (Cit.) . . . "Convictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused. Upon a proceeding after verdict(,) no prejudice being shown, it is enough that necessary facts appear *in any form, or by fair construction can be found within the terms of the indictment (or accusation or citation)*. Thus a defendant who was not misled to his prejudice by any imperfection in the indictment (or accusation or citation) cannot

obtain reversal of his conviction on that ground." . . . (Cit.) Defendant alleges no prejudice to himself and we can discern none. Any error in failing to try him upon a "perfect" uniform traffic citation was, thus, manifestly harmless.' (Emphasis supplied.) [Cit.]" Id. at 118. Accord *Burks v. State*, 195 Ga. App. 516 (1) (c) (394 SE2d 136). See also *Weaver v. State*, 179 Ga. App. 641 (3) (347 SE2d 295).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED JANUARY 19, 1993 — 

DISMISSED FEBRUARY 24, 1993 — 

*Saia, Richardson & Meinken, Joseph J. Saia*, for appellant.

*W. Fletcher Sams, District Attorney, W. Hawley Stevens, Assistant District Attorney*, for appellee.