## A99A2207. HASKA v. THE STATE.
### (523 SE2d 589)

McMURRAY, Presiding Judge.

Defendant Ayet Haska was tried before a jury and found guilty of a single count of sexual battery in violation of OCGA § 16-6-22.1, in that he unlawfully and intentionally made "physical contact with the intimate parts of [E. T., the victim,] without [her] consent. . . ." In this direct appeal, Haska contends the trial court erred in failing to quash the accusation; in admitting inappropriate so-called similar transactions evidence; in commenting on the evidence; and in denying a mistrial after the State's attorney referred to unnoticed similar transactions in the opening statement. *Held*:

1. Haska contends the accusation did not adequately inform him of the specific manner in which he allegedly violated OCGA § 16-6-22.1 because it did not allege the applicable "intimate parts" as defined in OCGA § 16-6-22.1 (a). We do not address the merits of this enumeration because Haska's motion to quash was not timely.

Where a crime may be committed in more than one way, the failure to charge the manner in which the crime was committed subjects the indictment or accusation to a proper special demurrer. *England v. State*, 232 Ga. App. 842, 844 (2) (b) (502 SE2d 770). See also *Barton v. State*, 79 Ga. App. 380, 387 (1) (53 SE2d 707). Under Uniform Superior Court Rule 31.1, "All motions, demurrers, and special pleas shall be made and filed at or before time of arraignment, unless time therefor is extended by the judge in writing prior to trial." The accusation was preferred on September 29, 1998, and on November 4, 1998, defense counsel filed a notice of appearance announcing that

defendant "waives arraignment and pleas [sic] not guilty." Haska's motion to quash was not filed until March 29, 1999, the morning of trial. There is no written extension of time for filing motions. Although the Supreme Court of Georgia recently held in *D'Auria v. State*, 270 Ga. 499, 500 (1) (512 SE2d 266) that an accusation which merely tracks the language of OCGA § 16-6-22.1 (b) is insufficient to enable the accused to prepare for trial, that authority would control here, but for defendant's motion to quash being untimely. Haska waived any valid exception to the form of the accusation by failing to urge it in a timely written special demurrer. *England v. State*, 232 Ga. App. at 844 (2) (b), supra. Accord *Dunbar v. State*, 209 Ga. App. 97, 98 (2) (432 SE2d 829).

2. Next, Haska contends the trial court erred in admitting three instances of allegedly similar transactions, complaining there is no similarity because none of the extrinsic events involved physical touching of intimate body parts as defined by the statute. We disagree.

The 15-year-old victim, E. T., worked part-time as a hostess for the Gondolier's pizza restaurant where defendant Haska was the manager. He would flirt with E. T., and on the evening in question, Haska ordered E. T. to go in the back and restock a refrigerator with beer. As E. T. was facing the refrigerator, leaning over a little bit, defendant "came up behind [her] and placed his hand under [her] skirt and pinched [her] bottom." E. T. was mad at Haska and hit him in the arm. She left the restaurant and went home.

Testimony about two extrinsic acts came from other restaurant employees: Cindy Atkins has worked at Gondolier's on and off over the past six years. She confirmed that Haska grabbed her bottom "a couple of times, maybe three, four times . . . and that these advances were unwelcome. One time, Haska came up behind Atkins and snapped her bra strap. The victim's sister, K. T., is three years older than E. T. She worked at Gondolier's only two weeks and was not happy there. Haska never touched or grabbed K. T., but one time, as K. T. was standing at the front desk waiting to seat people, she had a sucker in her mouth. Haska asked K. T., "Do you do that for practice for guys?" The third extrinsic incident was related by the victim herself: Once, after driving E. T. home from work, Haska told her he had an important sporting event in the morning and asked E. T. for a "kiss for good luck." She declined.

> [T]he true test of admissibility is not the number of similarities between the [crime charged and the separate incident], but whether the evidence of prior incidents was substantially relevant for some purpose other than to show that the defendant likely committed the [charged] crime because

he is a person of bad character. *Bohannon v. State*, 208 Ga. App. 576, 580 (431 SE2d 149).

*Simmons v. State*, 266 Ga. 223, 225 (2) (b) (466 SE2d 205). Cindy Atkins' testimony of unwelcome touching at work, including incidents of grabbing similar to the charged crime, is highly probative of defendant's general attitude toward his female employees, and is relevant to prove that the charged crime occurred as E. T. testified. Atkins' testimony also rebuts the possibility of an unintended offense. K. T.'s testimony of Haska's sexual innuendo also is probative of a pattern of inappropriate conduct directed at young female employees. The trial court correctly admitted evidence as to these extrinsic acts. *Bohannon v. State*, 208 Ga. App. at 579 (2) (b), supra. As to E. T.'s evidence that Haska asked for a kiss after driving her home, we assume,[1] but do not hold, that the marginal relevance and probative value of this testimony does not sufficiently outweigh the risk of unfair prejudice. Nevertheless, in the context of the victim's direct evidence coupled with properly admitted extrinsic acts evidence, it is highly probable the admission of this marginal evidence did not contribute to the verdict. Id. at 580 (2) (d).

3. Haska excepted to the trial court's recharge in response to a note from the jury as an impermissible comment on the evidence. The note reads:

> We, as a jury, feel that at some point, this behavior from the defendant [occurred]. But, we don't feel that the State's testimony [occurred] as presented. Does this 1) constitute reasonable doubt or 2) convict due to actions that we believe to be sexual [harassment] (battery)?

The trial court's additional instructions included the following; error is assigned to the emphasized portion:

> I don't — can't comment on the evidence itself, but, *if it's a question as to where it occurred, that is not that significance* [sic]. The major thing is, did it occur with this alleged victim here, and was there intent to commit the act, and . . . obviously, a casual brushing against someone is not sufficient to commit a criminal act. There must be an intention to have an illegal touching of a person in one of the prohibited areas without that person's consent.

---

[1] Defendant denied the pinching incident occurred and did not defend on the basis of a romantic attachment between a 27-year-old man and a 15-year-old girl. Compare *Cornelius v. State*, 213 Ga. App. 766 (445 SE2d 800).

Seven minutes after receiving these instructions, the jury returned its guilty verdict.

Although Haska contends the trial court impermissibly minimized his successful impeachment of the victim as to the location in the restaurant and the location on her body where the alleged pinching occurred, we think the trial court's comments correctly observe that "where," that is, the location within the restaurant, is not an element of the offense, while explaining there must have been an intentional and prohibited touching in order to convict. In light of the court's express disclaimer of commenting on the evidence, the recharge is not subject to Haska's criticism that it violates OCGA § 17-8-57.

4. During opening statements, Haska moved for a mistrial contending the State's attorney impermissibly referred to an unnoticed separate transaction, in which defendant tried to kiss the victim. The trial court correctly ruled that evidence of prior difficulties or incidents between the accused and the victim no longer needs a pre-trial hearing under USCR 31.1 and 31.3 in order to be admissible. *Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904). It follows there was no abuse of discretion in denying defendant's motion for mistrial in this instance.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 15, 1999 —
RECONSIDERATION DENIED OCTOBER 27, 1999 — 

*Smith, Price & Wright, Charles G. Price*, for appellant.
*Tambra P. Colston, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.