## A99A2065. BAILEY v. THE STATE.
### (526 SE2d 865)

BARNES, Judge.

A jury convicted Charles Bailey of driving with no proof of insurance and driving with a suspended license, and the trial court sentenced him to fines of $1,203 on each count. Bailey appeals, arguing that the trial court erred in sentencing him to more than a $25 fine on the no proof of insurance conviction and in denying his requests to charge on impeachment. We conclude the trial court erred in sentencing and remand this case for resentencing on the no proof of insurance conviction. We also conclude that Bailey waived his objection to the trial court's failure to give his impeachment charges.

1. Bailey was charged with having no proof of insurance under OCGA § 40-6-10. That Code section provides:

> (a) (1) The owner or operator of a motor vehicle shall keep proof or evidence of required minimum insurance coverage in the vehicle at all times during the operation of the vehicle. . . . Except as otherwise provided in paragraph (4) of this subsection, any person who fails to comply with the requirements of this subsection shall be guilty of a misdemeanor and, upon conviction thereof, shall be subject to a fine of not less than $200.00 nor more than $1,000.00 or imprisonment for not more than 12 months, or both. . . . (4) If the person receiving a citation under this subsection shows to the court having jurisdiction of the case that required minimum insurance coverage was in effect at the time the citation was issued, the court shall return the driver's license upon payment of a fine not to exceed $25.00. The court shall not in this case forward a record of the disposition of the case to the department and the driver's license of such person shall not be suspended.

Bailey asked for and received a jury trial on the charges against him. He attempted to present his insurance card to the traffic court judge before trial in order to reduce the fine to $25 under OCGA § 40-

6-10 (a) (4). The judge refused to consider the evidence and said, "But this is a jury trial, and all of these matters are subject to proof before a jury. . . . [T]he basis of this issue in dispute is a matter of fact; and it is to be decided by the trier of fact." The solicitor did not come forward with any specific evidence regarding how the card or testimony was incredible. On appeal, Bailey argues that under the terms of the statute, the trial court and not the jury is obliged to determine whether he actually had insurance coverage so that his fine would be reduced. The city solicitor does not address the terms of the statute, but responds that the jury properly weighed the evidence and determined that Bailey's proof of insurance was not credible.

We have not directly addressed this issue before, but in dicta we have previously noted that a defendant who produced proof of insurance at trial should have been sentenced to a $25 fine under OCGA § 40-6-10 (a) (4). *Morrison v. State,* 225 Ga. App. 710, 711 (1) (484 SE2d 762) (1997).

The statute clearly provides that if the defendant shows proof of insurance "to the court having jurisdiction of the case," the court *shall* reduce the fine to $25. The fact that a jury determined whether Bailey committed the offense of no proof of insurance has no impact on the sentencing portion of the statute. The statute mandates a lesser sentence for those who fail to have proof of insurance when they are stopped, but can later show the court that they actually were insured. The State cannot simply say it does not believe the insurance card is valid and direct the defendant to prove its validity. Because the trial court imposed a sentence contrary to OCGA § 40-6-10 (a) (4), we vacate Bailey's sentence on the conviction for no proof of insurance and remand for resentencing. We note that the State concedes that this case should be remanded for resentencing if we find that OCGA § 40-6-10 (a) (4) applies. We do not address in this case the sufficiency of the proof shown to the trial court, but only the validity of the sentence. The trial court must determine whether OCGA § 40-6-10 (a) (4) applies for sentencing purposes.

2. Bailey asserts the trial court erred in failing to give his requests to charge on impeachment. Bailey waived this issue, however, by not excepting or reserving exceptions after the court charged the jury. *Johnson v. State,* 229 Ga. App. 586, 587 (2) (494 SE2d 382) (1997).

*Judgment affirmed in part, reversed in part and remanded. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 8, 1999 —
RECONSIDERATION DENIED DECEMBER 15, 1999 —

*Thomas L. Walker*, for appellant.
*Joseph J. Drolet, Solicitor, Julie A. Kert, Assistant Solicitor*, for appellee.