A99A2367. GILMORE v. THE STATE.
(530 SE2d 221)

SMITH, Judge.

After a bench trial in the Probate Court of Butts County, Charles M. Gilmore, Jr. was convicted of the offenses of failure to yield and DUI. The Superior Court of Butts County affirmed the convictions, and Gilmore appeals. He appeals both convictions, raising three enumerations of error. We affirm Gilmore's conviction for DUI, but we find that the trial court erred in denying his motion to quash the accusation for failing to yield; we therefore reverse that conviction.

The record shows that Gilmore was involved in a two-car collision at the intersection of Higgins Road and Highway 87 in Butts County on a rainy, foggy afternoon. The police were called at 2:00 p.m., and Trooper Daniel Fagan of the Georgia State Patrol arrived at the scene at 2:28 p.m. to find another officer already there. Fagan testified that when he arrived and began questioning Gilmore, he "did smell a strong beverage on his person." Fagan testified that when he asked Gilmore when he had his last drink, Gilmore responded "about an hour before the accident." Fagan then placed him under arrest for DUI and read him the implied consent rights. The Intoxilyzer 5000 test results were 0.131 on the first test and 0.133 on the second.

After the probate court denied his renewed motion to quash the accusation on the failure to yield charge and his motions for directed verdict on both charges at the end of the State's case-in-chief, Gilmore testified in his own behalf. He admitted having "a couple of drinks earlier that day" and testified that he "finished off what [he] had in the bottle" (about a half-pint) after the accident.

1. Gilmore contends the evidence was insufficient to support his conviction for DUI both because no evidence was presented of impaired driving ability and because the Intoxilyzer test results had no probative value since Gilmore testified that he had consumed half a pint of alcohol after the accident. We do not agree.

> When reviewing a conviction, we determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. We determine only the sufficiency of the evidence under this standard and not the weight of the evidence or the credibility of

the witnesses. As long as some competent evidence exists, even though contradicted, to support each fact necessary to make out the State's case, the [factfinder's] verdict will be upheld.

(Citations omitted.) *Goodman v. State*, 237 Ga. App. 795, 796 (516 SE2d 824) (1999). Driving under the influence of alcohol may be shown by circumstantial evidence. *Duggan v. State*, 225 Ga. App. 291, 293 (483 SE2d 373) (1997). In this case, Fagan's detection of a strong odor of alcohol on Gilmore and Gilmore's involvement in an accident constituted evidence of impaired driving ability caused by alcohol. It was within the province of the trial court to determine the credibility of the witnesses and the evidence they offered, including Gilmore's testimony that after having been involved in an accident he knew would be investigated, he decided to drink half a pint of an alcoholic beverage. The evidence was sufficient to enable a rational trier of fact to find Gilmore guilty of DUI under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We find no merit in Gilmore's contention that the trial court erred in failing to suppress his statement to Fagan regarding his drinking because *Miranda* warnings were necessary and none were given.

*Miranda* warnings must be given only when a suspect has been taken into custody and the police engage in a custodial interrogation. *Turner v. State*, 233 Ga. App. 413, 414-415 (1) (a) (504 SE2d 229) (1998). No evidence in the record indicates that Gilmore was in custody when he made the statement. Fagan was investigating an automobile accident, and Gilmore had a legal duty to remain while the investigation was in progress. Under these circumstances, a reasonable person would conclude that he was not under arrest but only temporarily detained. *Gunn v. State*, 236 Ga. App. 901, 902 (1) (514 SE2d 77) (1999); *Morrissette v. State*, 229 Ga. App. 420, 422 (1) (a) (494 SE2d 8) (1997).

3. We must conclude, however, that the trial court erred in denying Gilmore's motion to quash the citation on the charge of failure to yield and in denying his motion for directed verdict on that charge. Gilmore maintains that the Uniform Traffic Citation charged Gilmore with "failure to yield right of way, OCGA § 40-6-72 (c)."[1] OCGA § 40-6-72 pertains to stop signs and yield signs, and it includes a number of ways in which the statute may be violated.

---

[1] Gilmore maintains that the citation charged him with violating OCGA § 40-6-172, and that no such Code section exists. It is apparent, however, that what Gilmore is reading as a "1" is merely the lower portion of a "y" on the line above it.

The UTC is tantamount to a formal accusation. *Majia v. State*, 174 Ga. App. 432, 433 (1) (330 SE2d 171) (1985), aff'd, 254 Ga. 660 (333 SE2d 834) (1985). "Where a crime may be committed in more than one way, the failure to charge the manner in which the crime was committed subjects the indictment or accusation to a proper special demurrer. [Cits.]" *Haska v. State*, 240 Ga. App. 527 (1) (523 SE2d 589) (1999). The UTC charging Gilmore with failure to yield did not inform Gilmore how he violated the statute. Moreover, Fagan admitted on the stand that he should have charged Gilmore with violating OCGA § 40-6-73, not OCGA § 40-6-72, because no "yield" sign was present at the intersection and OCGA § 40-6-72 (c) applies only when one is present. It was therefore subject to a special demurrer. Although denominated a motion to quash, the motion filed was a special demurrer, and it was filed before arraignment, as required by Uniform Superior Court Rule 31.1. Compare *Haska*, supra.

*Judgment affirmed in part and reversed in part. Pope, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 22, 2000.

*Virgil L. Brown & Associates, Larkin M. Lee, Bentley C. Adams III*, for appellant.

*Richard G. Milam, District Attorney, James L. Moss, Jr., Assistant District Attorney*, for appellee.