## A00A2556. THE STATE v. JONES.
(540 SE2d 622)

PHIPPS, Judge.

A multi-count accusation was preferred against Paul Jones. The State appeals the trial court's grant of Jones's special demurrer to Counts 5 and 6, which charged Jones with fleeing or attempting to elude a police officer. Because an accused may commit the offense at issue in more than one manner and because the accusation fails to specify the manner in which the offense was allegedly committed, we affirm the trial court's grant of the special demurrer.

OCGA § 40-6-395 (a) makes it unlawful for any driver of a vehicle wilfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer "when given a visual or an audible signal to bring the vehicle to a stop." OCGA § 40-6-395 (a) states that the signal given by the police officer "may be by hand, voice, emergency light, or siren."

Count 5 alleged that Jones "did willfully attempt to elude a pursuing police vehicle when given a visual signal to bring the vehicle to a stop." Count 6 alleged that Jones "did willfully fail to bring his vehicle to a stop when given a visual signal by a pursuing police vehicle."

The trial court granted Jones's special demurrer to Counts 5 and 6 under the rule that "[w]here a crime may be committed in more than one way, the failure to charge the manner in which the crime was committed subjects the indictment or accusation to a proper special demurrer. [Cits.]"[1] The court was correct in this ruling, because the offense charged could have been committed by Jones's failure to respond to a visual signal of the officer either by hand or by emergency light, and the accusation does not allege which type of visual signal Jones was given.

The State's reliance on cases such as *Reed v. State*[2] and *Williams v. State*[3] is misplaced. Those cases involved general demurrers or motions to quash, accusations or indictments. An accusation or indictment is not subject to a general demurrer unless there is a defect so extreme that the defendant can admit the charge as made and still be innocent.[4] In contrast, an accusation or indictment is subject to special demurrer if it is not "perfect in form as well as substance."[5]

> By special demurrer an accused claims, not that the charge in an indictment or accusation is fatally defective and incapable of supporting a conviction (as would be asserted by general demurrer), but rather that the charge is imperfect as to form or that the accused is entitled to more information. [Cit.][6]

Here, the defendant was entitled to the additional information so that he could prepare his defense.[7]

---

[1] *Haska v. State*, 240 Ga. App. 527 (1) (523 SE2d 589) (1999).

[2] 205 Ga. App. 209, 210 (1) (422 SE2d 15) (1992).

[3] 165 Ga. App. 69, 70 (4) (299 SE2d 402) (1983).

[4] *Jenkins v. State*, 121 Ga. App. 103, 104 (1) (172 SE2d 845) (1970).

[5] *King v. State*, 176 Ga. App. 137, 139 (2) (335 SE2d 439) (1985), disapproved on other grounds, *Copeland v. White*, 178 Ga. App. 644 (344 SE2d 436) (1986).

[6] *Bowen v. State*, 242 Ga. App. 37, 38 (528 SE2d 553) (2000).

[7] See generally *State v. Kenney*, 233 Ga. App. 298 (503 SE2d 585) (1998).

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED OCTOBER 6, 2000 —
RECONSIDERATION DENIED OCTOBER 24, 2000 —

Joseph J. Drolet, Solicitor, Shukura L. Ingram, Assistant Solicitor, for appellant.
*Patterson & Patterson, Jackie G. Patterson, Yasma Patterson*, for appellee.