## A00A2556. THE STATE v. JONES.
(553 SE2d 631)

PHIPPS, Judge.

In *State v. Jones*,[1] we affirmed the trial court's grant of a special demurrer to certain counts of an accusation preferred against Paul Jones. The Supreme Court of Georgia has granted certiorari, vacated our judgment, and remanded for consideration in light of *Davis v. State*.[2]

This is an appeal by the State from the grant of Jones's special demurrer to Counts 5 and 6 of a multi-count accusation. Counts 5 and 6 charged Jones with fleeing or attempting to elude a police vehicle in violation of OCGA § 40-6-395 (a). In pertinent part, OCGA § 40-6-395 (a) provides:

> It shall be unlawful for any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop. The signal given by the police officer may be by hand, voice, emergency light, or siren. . . .

Count 5 alleged that Jones "did willfully attempt to elude a pursuing police vehicle when given a visual signal to bring the vehicle to a stop." Count 6 alleged that Jones "did willfully fail to bring his vehicle to a stop when given a visual signal by a pursuing police vehicle."

The trial court granted Jones's special demurrer to Counts 5 and 6 under the rule that "[w]here a crime may be committed in more than one way, the failure to charge the manner in which the crime was committed subjects the indictment or accusation to a proper special demurrer. [Cits.]"[3] We held that the court was correct in this ruling, because the offense charged could have been committed by Jones's failure to respond to a visual signal of the officer either by

---

[1] 246 Ga. App. 482 (540 SE2d 622) (2000).
[2] 272 Ga. 818 (537 SE2d 327) (2000).
[3] *Haska v. State*, 240 Ga. App. 527 (1) (523 SE2d 589) (1999).

hand or by emergency light; the accusation did not allege which type of visual signal Jones was given; and Jones was entitled to this information to prepare his defense. In so holding, we distinguished between general and special demurrers.

> An accusation or indictment is not subject to a general demurrer unless there is a defect so extreme that the defendant can admit the charge as made and still be innocent. In contrast, an accusation or indictment is subject to special demurrer if it is not "perfect in form as well as substance." By special demurrer an accused claims, not that the charge in an indictment or accusation is fatally defective and incapable of supporting a conviction (as would be asserted by general demurrer), but rather that the charge is imperfect as to form or that the accused is entitled to more information. (Cit.)[4]

Following his trial, the defendant in *Davis* appealed his conviction of reckless driving. Tracking the language of the reckless driving statute, Davis's accusation alleged that he had driven his vehicle "in reckless disregard for the safety of persons or property."[5] Davis filed a special demurrer asserting that the accusation was defective because it was framed in the alternative. The trial court refused to sustain the demurrer. The Supreme Court affirmed on three independent grounds. First, the Court noted that the special demurrer was not timely. Second, the Court held that there was no merit in the special demurrer. Third, the Court concluded that even if the overruling of the special demurrer had been erroneous, the accusation nonetheless provided Davis with sufficient information to mount his defense so that he was not prejudiced.

We find *Davis* clearly distinguishable insofar as the first ground for the *Davis* decision is concerned. Unquestionably, Jones filed his special demurrer in a timely fashion. We, however, find the second and third grounds of the *Davis* decision more problematic. The Supreme Court in *Davis* concluded that the special demurrer was without merit there, because the accusation included all of the essential elements of the crime charged and advised the defendant of what he must have been prepared to confront. As authority, the Court relied primarily upon *State v. Eubanks*[6] and *Williams v. State*,[7] even

---

[4] (Footnotes omitted.) *State v. Jones*, supra, 246 Ga. App. at 483.
[5] OCGA § 40-6-390 (a).
[6] 239 Ga. 483, 486 (238 SE2d 38) (1977).
[7] 165 Ga. App. 69, 70 (4) (299 SE2d 402) (1983).

though both of these cases involved general demurrers. As against a general demurrer,

> the true test of the sufficiency of the indictment is not "whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'" [Cits.][8]

The foregoing test also applies when trial has been had before the appellate court reviews the merits of a special demurrer.[9]

This case, however, involves a pretrial appeal by the State from the grant of a special demurrer. The accusation did not track the language of the statute, as it omitted any allegation as to whether the visual signal was given by hand or emergency light. Whether the omission of such an allegation would prove prejudicial to Jones's presentation of his defense is unknowable, because the trial has not been held and we have no way of determining from the appellate record what the evidence will show. We, therefore, continue to believe that this case is governed by the rules concerning special demurrers cited in our earlier opinion.

But we do find reason to reconsider our earlier decision based upon other grounds not raised by the parties. Although Count 6 of Jones's accusation failed to allege whether the visual signal was given by hand or emergency light, it did allege that the signal was given by a pursuing police vehicle. Of necessity, such signal must have been given by emergency light. We, therefore, reverse the trial court's grant of Jones's special demurrer to Count 6 of the accusation. We adhere to our affirmance of the grant of Jones's special demurrer to Count 5.

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Smith, P. J., concur.*

DECIDED AUGUST 7, 2001 —
RECONSIDERATION DENIED AUGUST 14, 2001 —

*Joseph J. Drolet, Solicitor-General, Shukura L. Ingram, Assistant Solicitor-General*, for appellant.

---

[8] *State v. Black*, 149 Ga. App. 389, 390 (2) (254 SE2d 506) (1979).
[9] *Franklin v. State*, 243 Ga. App. 440, 441 (533 SE2d 455) (2000).

*Patterson & Patterson, Jackie G. Patterson, Yasma Patterson*, for appellee.