## A03A1047. SPENCE v. THE STATE.
### (587 SE2d 183)

ADAMS, Judge.

Demetris Spence appeals after he was convicted of possession of marijuana, driving without a valid license, operating a vehicle without insurance, failure to obey a traffic control device, and fleeing or attempting to elude.

The evidence shows that on July 25, 2001, at approximately 11:00 a.m., three officers from the LaGrange Police Department were conducting a license check. When Spence approached the checkpoint, the officers signaled for him to stop, but he kept driving. As he approached a stop sign, the officers got into their police cars to follow him. Spence ran the stop sign and turned left before the officers were able to stop him. When police asked for Spence's license and proof of insurance, he responded that he had no license and the car was not insured. After the officers handcuffed Spence, at least one officer observed him adjusting his pants and "messing around with his waistline." Then the officer saw him throw a few articles on the ground and went to search the area. The officer subsequently retrieved four small bags containing a substance, which was later identified as marijuana, from the area where Spence had been standing.

1. Spence asserts that there was insufficient evidence to support his conviction of no insurance because he presented evidence at trial demonstrating that the car he was driving was insured at the time of his arrest. Spence was charged with operating a vehicle without insurance under OCGA § 40-6-10 (b), which provides that a person who knowingly operates a motor vehicle without effective insurance on such vehicle is guilty of a misdemeanor.

The only evidence the state presented on the issue of insurance was the police officers' testimony that Spence said at the time of his arrest that the car was not insured. Spence testified, however, that he told the officers that the car was insured and that the insurance card was on the dashboard. He also said that the car he was driving

was owned by his mother's boyfriend, and that valid insurance existed for the car at the time. The defense then tendered a copy of the insurance card for the car showing that it was covered by insurance from February 13 through August 13, 2001. It was admitted without objection. Nevertheless, the state contended in closing argument, over objection, that the insurance card was not conclusive proof that valid insurance was in effect at the time.

But Spence did not bear the burden of proof at trial; the state did. And we find that the insurance card was evidence that the car was insured at the time of his arrest. Under the version of OCGA § 40-6-10 (a) (5) (A) in effect at the time, a valid insurance card was sufficient proof of insurance of any vehicle for purposes of the statute.[1] See Ga. L. 2000, p. 429, §§ 5, 5A; Ga. L. 2001, p. 1228, § 2A.[2] And although the statute requires a *valid* insurance card, "[t]he [s]tate cannot simply say it does not believe the insurance card is valid and direct the defendant to prove its validity." *Bailey v. State*, 241 Ga. App. 497, 498 (1) (526 SE2d 865) (1999). Rather, the state has the burden of showing the card was invalid.

Here, the state presented no evidence in response to the insurance card, and, in fact, did not even object to its admission into evidence. Accordingly, we find that the state failed to present sufficient evidence to support the charge of operating a vehicle without insurance, and Spence's conviction on that charge must be reversed.

2. Spence also contends that the trial court erred in denying his motion to quash on general demurrer the count charging him with fleeing or attempting to elude a police officer because he asserts that accusation was fatally defective. OCGA § 40-6-395 (a) provides that it is "unlawful for any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop." The accusation charged Spence with this offense by alleging that he "did . . . drive a vehicle and willfully fail or refuse to bring his vehicle to a stop when given a visual or audible signal to bring the vehicle to a stop." Spence

---

[1] A "valid insurance card" alone was sufficient proof of insurance through December 31, 2001, covering the time of Spence's arrest, but the card he introduced at trial was also sufficient to meet the requirements of the "policy information identification card" required after that time. OCGA § 40-6-10 (5) (C); Ga. L. 2000, p. 429, §§ 5, 5A; Ga. L. 2001, p. 1228, § 2A.

[2] It appears that under this version of OCGA § 40-6-10 (a), Spence could not have been charged with operating a car with no *proof* of insurance. At that time, the statute required proof of insurance only if the insurance policy had been applied for within the last 30 days, if the vehicle is operated under a rental agreement, or if the owner acquired ownership of the car within the last 20 days. See OCGA § 40-6-10 (a) (1); Ga. L. 2000, p. 429, §§ 5, 5A; Ga. L. 2001, p. 1228, § 2A. And no proof of insurance was required if Department of Public Safety records indicated that minimum insurance coverage was currently effective. Id. The state presented no evidence as to whether Spence's car fell under any of these circumstances.

asserts that the charge is defective because it fails to charge that he was fleeing or eluding a pursuing police officer or police vehicle.

The test on general demurrer for determining whether an accusation or indictment is sufficient

> is not whether it could have been made more definite and certain or, for that matter, perfect, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. *Thus, if the accused can admit all the indictment or accusation or citation charges and still be innocent of having committed any offense, the indictment or accusation or citation is defective.*

(Citation and punctuation omitted; emphasis supplied.) *Ross v. State*, 235 Ga. App. 7, 8 (508 SE2d 424) (1998).

In *Ross*, this Court found that an accusation was defective because it failed to contain all the essential elements of a charge of reckless driving. Although the accusation charged that the defendant had driven "in a reckless manner contrary to the laws of [the s]tate," it failed to allege that the defendant drove "with reckless disregard for the safety of persons or property" as required by the statute. (Punctuation and emphasis omitted.) *Ross*, 235 Ga. App. at 8-9. This Court concluded that the charge was defective because the defendant could admit to all of the allegations and still be innocent of the charge of reckless driving. Id. at 9.

And our Supreme Court held in a habeas corpus proceeding that there can be "no conviction for the commission of a crime[,] an essential element of which is not charged in the indictment." (Punctuation and footnote omitted.) *Smith v. Hardrick*, 266 Ga. 54, 55 (1) (464 SE2d 198) (1995). The Supreme Court noted that "[i]f an . . . individual can admit to all of the allegations in an indictment and still be not guilty of a crime, then the indictment generally is insufficient and must be declared void." (Footnote omitted.) Id. In that case, the defendant pled guilty to a charge of aggravated assault, but the court found that the indictment failed to set forth the elements of aggravated assault because it did not allege the intent with which the defendant had acted and intent was a material element of the crime. The court thus found that the indictment was "so fundamentally flawed as to charge no crime at all." Id. at 56 (3).

Here, the state failed (1) to allege that Spence was eluding a police officer or vehicle when he failed to stop in response to visual or

audible signals, (2) to specify the signals to which he failed to respond, only alleging that they were either visual or audible, or (3) even to allege that the signals were given by police.[3] Thus, even if Spence admitted the allegations as charged, he would not be guilty of any crime and the accusation was fatally defective. See *Ross*, 235 Ga. App. at 9; *Pullen v. State*, 199 Ga. App. 881 (406 SE2d 283) (1991). See also *D'Auria v. State*, 270 Ga. 499, 500 (1) (512 SE2d 266) (1999).

Although the trial court acknowledged that the accusation in this case was "covered directly by the *Ross v. State* case," the judge nevertheless denied Spence's motion to quash because the elements of the offense were covered by the description of the offense charged. In a number of cases, primarily involving DUI offenses, this Court has held that the recitation of the statute can be a sufficient, if not desirable, method of apprising a defendant of the charges against him. See, e.g., *Wade v. State*, 223 Ga. App. 222, 224 (477 SE2d 328) (1996); *Brooks v. State*, 207 Ga. App. 477, 478 (428 SE2d 357) (1993); *Broski v. State*, 196 Ga. App. 116, 117 (1) (395 SE2d 317) (1990). But the Supreme Court has held that merely reciting portions of a statute is not sufficient if, reading the accusation together with the statute, a defendant is unable to determine which of his acts are alleged to be criminal in nature. *D'Auria*, 270 Ga. at 500 (1).

We find in this case that merely reciting a description of the statute, along with some, but not all, of the elements of the crime was insufficient given the deficiencies in the allegations noted above. Compare *Reed v. State*, 205 Ga. App. 209, 210-211 (1) (422 SE2d 15) (1992) (accusation on charge of fleeing or attempting to elude police not defective where, as amended, it eliminated alternative allegations of "visual or audible" signal and included all the elements of the crime). Cf. *State v. Jones*, 251 Ga. App. 192, 194 (553 SE2d 631) (2001) (special demurrer should have been granted to charge of fleeing or attempting to elude police where accusation failed to allege whether visual signal was by hand or emergency light). Accordingly, it was error for the trial court to deny Spence's motion to quash the count of the accusation charging him with fleeing or attempting to elude a police officer.

We note, however, that Spence did not contest his convictions for possession of marijuana, driving without a valid license, and failure to obey a traffic control device. Therefore, we do not address those convictions.

*Judgment reversed. Andrews, P. J., and Barnes, J., concur.*

---

[3] The statute provides that "[t]he signal given *by the police officer* may be by hand, voice, emergency light, or siren." (Emphasis supplied.) OCGA § 40-6-395 (a).

DECIDED SEPTEMBER 2, 2003.
Traffic violation, etc. Troup State Court. Before Judge Little.
*Jackie G. Patterson*, for appellant.
*L. Jack Kirby, Solicitor-General*, for appellee.