**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**April 17, 2023**

# In the Court of Appeals of Georgia

A23A0532. POPE v. THE STATE.

BROWN, Judge.

Sorternio Pope was charged by accusation with driving under the influence ("DUI") per se (Count 1), DUI less safe (Count 2), and speeding (Count 3), and opted to be tried by jury. After the jury was impaneled and sworn but before the jury was charged, Pope moved to quash Count 1 of the accusation, contending that he could admit all allegations of the charge and not be guilty of a crime. The trial court denied the motion and declined to certify its ruling for immediate review. A jury trial followed, during which the arresting officer was the only testifying witness. The jury found Pope guilty of the DUI counts but not guilty of speeding.[1] Pope appeals,

---

[1] The trial court merged Count 2 into Count 1 for sentencing purposes.

contending that the trial court erred in denying his motion to quash. We disagree and thus affirm.

An oral objection or motion to quash based upon the same grounds as a general demurrer can be asserted any time during the trial. *McKay v. State*, 234 Ga. App. 556, 558 (2) (507 SE2d 484) (1998). A general demurrer challenges the very validity of the indictment and "should be granted only when an indictment is absolutely void in that it fails to charge the accused with any act made a crime by the law." (Citation and punctuation omitted.) *Sexton-Johnson v. State*, 354 Ga. App. 646, 654 (3) (839 SE2d 713) (2020).

> The test on general demurrer for determining whether an accusation or indictment is sufficient is not whether it could have been made more definite and certain or, for that matter, perfect, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. Thus, if the accused can admit all the indictment or accusation or citation charges and still be innocent of having committed any offense, the indictment or accusation or citation is defective.

(Citation, punctuation, and emphasis omitted.) *Spence v. State*, 263 Ga. App. 25, 27 (2) (587 SE2d 183) (2003). "[T]here can be no conviction for the commission of a crime an essential element of which is not charged in the indictment. If an accused individual can admit to all of the allegations in an indictment and still be not guilty of a crime, then the indictment generally is insufficient and must be declared void." (Citation and punctuation omitted.) *Sexton-Johnson*, 354 Ga. App. at 654 (3).

> Count 1 of the accusation in this case charges Pope
>
> with the offense of DRIVING UNDER THE INFLUENCE (PER SE) for that the said Accused, on or about July 11, 2021, was unlawfully in actual physical control of a moving vehicle while having an alcohol concentration of .08 grams or more within 3 hours after such physical control ended, due to alcohol consumed before such physical control ended, in violation of O.C.G.A. [§] 40-6-391 (a)(5)[.]

This Code section pertinently provides: "A person shall not drive or be in actual physical control of any moving vehicle while . . . [t]he person's alcohol concentration is 0.08 grams or more at any time within three hours after such driving or being in actual physical control from alcohol consumed before such driving or being in actual physical control ended[.]" OCGA § 40-6-391 (a) (5).

3

Pope asserts that because the accusation did not exactly quote the language of OCGA § 40-6-391 (a) (5), in that it twice omitted the word "actual" to describe "physical control," it failed to allege an essential element of the offense. While the accusation omitted "actual," it modified "physical control" with the word "such." Used in this way, "such" means "of the character, quality, or extent previously indicated or implied." See Merriam-Webster's Online Dictionary, https://www.merriam-webster.com/dictionary/such. Thus, the accusation charged Pope with being in "actual physical control of a moving vehicle" and then subsequently referenced this "actual physical control" by using the word "such." We conclude that Count 1 of the accusation contained the elements of the offense and sufficiently apprised Pope of the charges against him. See, e.g., *Lewis v. State*, 215 Ga. App. 486, 487-488 (1) (451 SE2d 116) (1994) (accusation charging defendant with driving with unlawful alcohol concentration was not fatally defective despite omitting statutory language "'from alcohol consumed before such driving or being in actual physical control ended'") (emphasis omitted). Accordingly, the trial court did not err in denying Pope's motion to quash.

*Judgment affirmed. McFadden, P. J., and Markle, J., concur.*

4