**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**November 22, 2024**

# In the Court of Appeals of Georgia

A24A1468. THE STATE v. SIMPSON.

HODGES, Judge.

Rashad Simpson was charged by accusation with fleeing and eluding a police officer. After the State's first witness testified at the bench trial, Simpson made an oral motion to quash the accusation, arguing that it was fatally defective because it failed to specify the manner of audible and visual signal he refused to obey. The trial court granted the motion, and the State appeals, asserting that the trial court erred in granting Simpson's general demurrer. We agree and reverse.

We begin by noting the distinction between a general demurrer and a special demurrer.

A defendant may challenge the sufficiency of the *substance* of an indictment by making a general demurrer, thereby asserting the indictment is fatally defective and cannot support a conviction. A defendant may challenge the sufficiency of the *form* of an indictment by filing a special demurrer, asserting that the charge is imperfect as to form or that he or she is entitled to more information about the charged offense.

(Emphasis supplied.) *Jackson v. State*, 301 Ga. 137 (1), n. 1 (800 SE2d 356) (2017). "A general demurrer challenges the very validity of the indictment and may be raised anytime; the special [demurrer] objects merely to its form or seeks more information and must be raised before pleading to the indictment." (Citation and punctuation omitted.) *Stinson v. State*, 279 Ga. 177, 180 (2), n. 3 (611 SE2d 52) (2005); see OCGA § 17-7-110 ("All pretrial motions, including demurrers and special pleas, shall be filed within ten days after the date of arraignment, unless the time for filing is extended by the court."). Because Simpson failed to challenge the accusation in a timely written special demurrer, he waived a challenge seeking greater specificity in the accusation, and we are only concerned in this case with the legality of the accusation. *State v. Wilson*, 318 Ga. App. 88, 91-92 (1), 93 (1) (a) (732 SE2d 330) (2012) (finding that a defendant who did not timely file a special demurrer in writing within ten days after

2

arraignment waived his right to be tried on an indictment perfect in form and substance).

We review de novo a trial court's ruling on a general demurrer, looking only to the four corners of the indictment to determine whether the allegations in the indictment are legally sufficient. *Powell v. State*, 318 Ga. 875, 879 (2) (901 SE2d 182) (2024).

> To assess the merits of a general demurrer, which challenges the sufficiency of the *substance* of the indictment, a court asks whether the defendant can admit each and every fact alleged in the indictment and still be innocent of any crime. If so, the general demurrer should be sustained. But if the admission of the facts alleged would lead necessarily to the conclusion that the accused is guilty of a crime, the indictment is sufficient to withstand a general demurrer.

(Citation and punctuation omitted; emphasis in original.) Id. at 880 (2). As the Supreme Court of Georgia has held, "if an indictment recites the language of the statute that sets out all the elements of the offense charged or alleges the facts necessary to establish a violation of a criminal statute, then the indictment is sufficient to withstand a general demurrer." (Citation and punctuation omitted.) Id. "[T]he

State [is] not required to allege any additional facts in the indictment beyond the statutory elements" to withstand a general demurrer. Id. at 882 (2).

With these guiding principles in mind, we start with an examination of the statute referenced in Simpson's accusation. OCGA § 40-6-395 (a) makes it unlawful

> for any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such signal shall be in uniform prominently displaying his or her badge of office, and his or her vehicle shall be appropriately marked showing it to be an official police vehicle.

The offense becomes a felony when the driver "while fleeing or attempting to elude a pursuing police vehicle or police officer . . . [o]perates his or her vehicle in excess of 20 miles an hour above the posted speed limit[.]" OCGA § 40-6-395 (c) (1).

Simpson's September 2021 single-count accusation charged him with fleeing or attempting to elude a police officer in violation of OCGA § 40-6-395 (b) (5) (A) (i) (2012)[1] as follows:

---

[1] In 2022, the General Assembly rewrote, among other things, subsection (b) of OCGA § 40-6-395 and redesignated former subparagraph (b) (5) (A) (i) as present

for that the said accused on the 11th day of August, 2021, in the County of Cherokee and State of Georgia, did then and there, being the driver of a vehicle, willfully fail and refuse to bring his vehicle to a stop while fleeing and attempting to elude a pursuing police vehicle, while operating his vehicle in excess of 20 miles an hour above the posted speed limit at Interstate 575, after having been given an audible and visual signal to bring his vehicle to a stop by Robert Bradshaw, Jonathan Blair and Tommy Thompkins, officers who at the time of giving such signal were in a uniform prominently displaying the officer's badge of office and the officer's vehicles were appropriately marked showing them to be official police vehicles, contrary to the laws of this State, the good order, peace and dignity thereof.

Simpson moved to quash the accusation, arguing that it was fatally defective because it failed to specify the manner of audible and visual signal he refused to obey. The trial court agreed and granted Simpson's motion.

In its sole enumeration of error, the State argues that it was not required to specify the manner of audible and visual signal to withstand a general demurrer. We agree.

---

subsection (c) (1). Ga. L. 2022, p. 100, § 1. The parties do not argue that the redesigned statute in any way affects the accusation at issue in this case.

This case is controlled by *Reed v. State*, 205 Ga. App. 209 (422 SE2d 15) (1992). In that case, an accusation charged that the defendant "did wilfully fail and refuse to bring his vehicle to a stop or did otherwise flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop in violation of OCGA § 40-6-395." (Punctuation omitted.) Id. at 210 (1). The defendant argued that the accusation was defective because the word "or" charged him with alternative acts and failed to allege specifically how he committed the acts. Id. The State, however, amended the accusation prior to trial by substituting the word "and" for the word "or," and the trial court denied the defendant's motion to quash. Id. This Court found that the accusation as amended was sufficient to apprise the defendant of the charges against him. Id. at 210-211 (1). Indeed, as the Supreme Court of Georgia has noted, when a criminal statute contains several disjunctive ways a crime may be committed, the proper way to connect the various allegations in the accusing pleadings is by using the conjunctive term "and" rather than the disjunctive term "or"; however, at trial, "it is sufficient for the State to show that [the crime] was committed in any one of the separate ways listed in the indictment, even if the

indictment uses the conjunctive rather than disjunctive form." (Citation and punctuation omitted.) *Cash v. State*, 297 Ga. 859, 862 (2) (778 SE2d 785) (2015).

Here, Simpson was charged with willfully failing and refusing to bring his vehicle to a stop while fleeing and attempting to elude a pursuing police vehicle "after having been given an audible and visual signal to bring his vehicle to a stop" by the officers. The language in the accusation essentially tracked the statutory language, charging the facts necessary to establish a violation of the criminal statute using a conjunctive term. And, as our Supreme Court noted, "if an indictment recites the language of the statute that sets out all the elements of the offense charged or alleges the facts necessary to establish a violation of a criminal statute, then the indictment is sufficient to withstand a general demurrer." (Citation and punctuation omitted.) *Powell*, 318 Ga. at 880 (2); see also *State v. Wyatt*, 295 Ga. 257, 260 (2) (759 SE2d 500) (2014) ("[A]n indictment couched in the language of the statute alleged to have been violated is not subject to a general demurrer.") (citation and punctuation omitted). "[T]he State [is] not required to allege any additional facts in the indictment beyond

7

the statutory elements" to withstand a general, as opposed to a special, demurrer.[2]

*Powell*, 318 Ga. at 882 (2).

We agree with the State that the trial court erred by relying on *Spence v. State*, 263 Ga. App. 25 (587 SE2d 183) (2003), in granting Simpson's general demurrer in this case. In *Spence*, the accusation charged the defendant with fleeing and eluding police officers by "driv[ing] a vehicle and willfully fail[ing] or refus[ing] to bring his vehicle to a stop when given a visual *or* audible signal to bring the vehicle to a stop." (Punctuation omitted; emphasis supplied.) Id. at 26-27 (2). This Court reversed the trial court's denial of Spence's motion to quash the charge on general demurrer, concluding that the State "failed (1) to allege that Spence was eluding a police officer or vehicle when he failed to stop in response to visual or audible signals, (2) to specify the signals to which he failed to respond, only alleging that they were either visual or

---

[2] Whether such language would withstand a special demurrer is not before this Court. See, e.g., *Powell*, 318 Ga. at 882 (2) ("[T]he State generally must allege additional facts to survive a special demurrer."); *State v. Jones*, 251 Ga. App. 192, 192, 194 (553 SE2d 631) (2001) (holding that a special demurrer would require the State to specify whether a visual signal was given by hand or emergency light).

audible,[3] or (3) even to allege that the signals were given by police[.]" Id. at 27-28 (2). None of those infirmities exist in the accusation before us.

> As stated previously, the accusation before us specifies that Simpson
>
> willfully fail[ed] and refuse[d] to bring his vehicle to a stop while fleeing and attempting to elude a pursuing police vehicle, . . . after having been given an audible *and* visual signal to bring his vehicle to a stop by . . . officers who at the time of giving such signal were in a uniform prominently displaying the officer's badge of office and the officer's vehicles were appropriately marked showing them to be official police vehicles[.] (Emphasis supplied.)

The accusation in *Spence* failed, in part, because it used the word "or," charging the defendant with violating either a visual or audible signal and failing to allege specifically how he committed the act. *Spence*, 263 Ga. App. at 26 (2), 28 (2). As we held in *Reed*, however, charging a defendant using the conjunctive word "and," as was done in this case, sufficiently apprises the defendant of the charges against him. 205 Ga. App. at 210 (1).

---

[3] The statute provides that "[t]he signal given by the police officer may be by hand, voice, emergency light, or siren." OCGA § 40-6-395 (a).

Although Simpson argues that the State was required to specify exactly how the officer gave the audible and visual signal, he has not provided a single case where we held that a general demurrer was proper when the State used the conjunctive in charging that the defendant failed to stop after having been given an audible *and* visual signal by a police officer. It would have been better had the State charged the manner in which the audible and visual signal was given. See *Holtzclaw v. State*, 367 Ga. App. 687, 693 (b) (888 SE2d 214) (2023) (noting indictment charged that defendant was given "an audible and a visual signal to wit: light and sirens"); *Wilson*, 318 Ga. App. at 96 (1) (c) (iii) (noting indictment charged that the officer "gave a visual and audible signal, to wit: identifying himself as a police officer, holding up his hand and ordering the defendant to stop his vehicle") (punctuation omitted). But the failure to do so in this case does not render the accusation fatally defective. See *Powell*, 318 Ga. at 882 (2).

In short, we conclude that the accusation in this case tracked the statutory language, contained the elements of the offense, and sufficiently apprised Simpson of the charges against him so as to withstand a general demurrer. Accordingly the trial

10

court erred in granting Simpson's motion to quash the accusation.

*Judgment reversed. Doyle, P. J., and Watkins, J., concur.*